J-S22039-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ERNEST H. PRIOVOLOS | : | |
| | : | |
| Appellant | : | No. 3490 EDA 2017 |

Appeal from the PCRA Order October 6, 2017
in the Court of Common Pleas of Montgomery County
Criminal Division at No.:  CP-46-CR-0000603-1989

BEFORE:   BENDER, P.J.E., STABILE, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED AUGUST 27, 2018**

Appellant, Ernest H. Priovolos, appeals *pro se*, from the order of October 6, 2017, dismissing, without a hearing, his serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We take the underlying facts and procedural history in this matter from our independent review of the certified record.  On January 19, 1990, a jury convicted Appellant of murder in the third degree and related offenses.  On January 28, 1991, the trial court sentenced Appellant to an aggregate term of incarceration of not less than twelve nor more than twenty-seven years.  This Court affirmed the judgment of sentence and the Pennsylvania Supreme Court denied leave to appeal.  (***See Commonwealth v. Priovolos***, 609 A.2d 585 (Pa. Super. 1992) (unpublished memorandum), *appeal denied*, 617 A.2d 1273

_____

* Retired Senior Judge assigned to the Superior Court.

(Pa. 1992)). Since 1992, Appellant has filed approximately seven PCRA petitions, as well as numerous filings in federal court.

Appellant filed the instant petition for post-conviction DNA testing pursuant to 42 Pa.C.S.A. § 9543.1 on June 23, 2017. On August 24, 2017, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907(1). Appellant filed a response on September 12, 2017. On October 6, 2017, the PCRA court dismissed the petition as untimely. The instant, timely appeal followed. The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal; the court did file an opinion on October 30, 2017. *See* Pa.R.A.P. 1925.

On appeal, Appellant raises the following questions for our review.

Whether [the PCRA] court improperly dismissed Appellant[']s pending DNA petition[,] in violation of [42 Pa.C.S.A. § 9543.1] by failing to conduct additional DNA testing, and whether it violate[d] Judge Drayer[']s [c]ourt [o]rder who mandated additional DNA testing including an [e]videntiary [hearing?]

Whether the District Attorney's Office Montgomery County Pa. Case 603-89 has obstructed justice by failing to forward [c]ourt [o]rdered [c]hain of [c]ustody [r]ecords from Judge Drayer[']s order, an[d/]or documents from the [a]rresting [o]fficer Carl Molt[, which] would lead to the whereabouts of the [d]eceased clothes (sic) for additional DNA testing, and whether they violated a [f]ederal [s]ubpoena issued from case 17-985[, i]n which the documents and records should have been submitted to the [Appellant?]

(Appellant's Brief, at 3).

Appellant first claims that the PCRA court erred in dismissing his petition for post-conviction DNA testing as untimely. (*See id.* at 7-9). For the reasons

- 2 -

discussed below, we hold that the PCRA court erred in dismissing the petition as untimely, however, we find that Appellant is not eligible for PCRA relief.[1]

Initially, we note that motions for post-conviction DNA testing, while considered post-conviction petitions under the PCRA are "separate and distinct from claims pursuant to other sections of the PCRA" thus, the one-year time bar does not apply to them. *Commonwealth v. Perry*, 959 A.2d 932, 938 (Pa. Super. 2008) (citation omitted). When reviewing a PCRA court's order denying a petitioner's request for post-conviction DNA testing, we employ the same standard of review as when reviewing the denial of PCRA relief, which is, we must determine "whether the ruling of the PCRA court is supported by the record and free of legal error." *Commonwealth v. Gacobano*, 65 A.3d 416, 419 (Pa. Super. 2013) (citations omitted).

42 Pa.C.S.A. § 9543.1 provides, in relevant part:

**(a) Motion.—**

(1) An individual convicted of a criminal offense in a court of this Commonwealth and **serving a term of imprisonment** or awaiting execution because of a sentence of death may apply by making a written motion to the sentencing court for the performance of forensic DNA testing on specific evidence that is related to the investigation or prosecution that resulted in the judgment of conviction.

(2) The evidence may have been discovered either prior to or after the applicant's conviction. The evidence shall be

---

[1] An appellate court may affirm an order of the trial court on any basis if the decision is correct. *See Commonwealth v. Hernandez*, 886 A.2d 231, 240 (Pa. Super. 2004), *appeal denied*, 899 A.2d 1122 (Pa. 2006).

available for testing as of the date of the motion. If the evidence was discovered prior to the applicant's conviction, the evidence shall not have been subject to the DNA testing requested because the technology for testing was not in existence at the time of the trial or the applicant's counsel did not seek testing at the time of the trial in a case where a verdict was rendered on or before January 1, 1995, or the applicant's counsel sought funds from the court to pay for the testing because his client was indigent and the court refused the request despite the client's indigency.

\* \* \*

**(c) Requirements**.—In any motion under subsection (a), under penalty of perjury, the applicant shall:

(1)　(i) specify the evidence to be tested;

\* \* \*

(2) (i) assert the applicant's actual innocence of the offense for which the applicant was convicted; and

\* \* \*

(3) present a *prima facie* case demonstrating that the:

(i) identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in the applicant's conviction and sentencing; and

(ii) DNA testing of the specific evidence, assuming exculpatory results, would establish:

(A) the applicant's actual innocence of the offense for which the applicant was convicted. . .

42 Pa.C.S.A. § 9543.1(a), (c)(1)(i), (c)(2)(i), (c)(3)(i), (c)(ii)(a) (emphasis added).

Appellant has not complied with these requirements. (**See** Motion for DNA Testing, 6/23/17, at unnumbered page 1). Firstly, Appellant has not

alleged that he is serving a term of imprisonment; rather the Commonwealth contends, and Appellant's address reflects, that he is no longer incarcerated. (**See** Commonwealth's Brief, at 10 n.2; Appellant's Reply Brief,[2] at cover).[3] Thus, he is not eligible for post-conviction DNA testing pursuant to 42 Pa.C.S.A. § 9543.1. **See Commonwealth v. Frederick**, 929 A.2d 214, 219 (Pa. Super. 2007). Secondly, Appellant did not file a proper petition pursuant to 42 Pa.C.S.A. § 9543.1. (**See** Motion for DNA Testing, at unnumbered page

_____

[2] This Court granted Appellant's request to file a reply brief, which he did on April 3, 2018.

[3] The majority of the reply brief consists of a photocopy of the transcript from a July 13, 2017 hearing on a motion to dismiss his second amended complaint in a Section 1983 action against the Montgomery County District Attorney's Office and various individuals either in that office or related to the instant criminal litigation. (**See** Appellant's Reply Brief, at attached exhibit, N.T. Hearing, 7/13/17; **see also Priovolos v. Montgomery Cty. District Attorney Office**, 2018 WL 92520 (E.D. Pa. filed 2/16/18)). Interestingly, these notes of testimony reflect that Appellant's sentence of incarceration "maxed out" in March 2017. (**See** Appellant's Reply Brief, at attached exhibit, N.T. Hearing, at 4-5). Therefore, Appellant filed his June 23, 2017 motion for DNA testing approximately three months after he completed serving his twelve to twenty-seven year sentence of incarceration in the underlying litigation. Not only was Appellant no longer incarcerated, but he was not serving any other sentence that would make him eligible for PCRA relief. **See** 42 Pa.C.S.A. § 9543(a)(1); **Commonwealth v. Williams**, 977 A.2d 1174, 1176 (Pa. Super. 2009), *appeal denied*, 990 A.2d 730 (Pa. 2010) ("[T]o be eligible for relief under the PCRA, the petitioner must be currently serving a sentence of imprisonment, probation or parole for the crime.") (citation and internal quotation marks omitted). Furthermore, Appellant failed to note in his reply brief that, on February 15, 2018, the District Court dismissed his second amended complaint, and, on May 2, 2018, the Third Circuit Court of Appeals dismissed his appeal of that decision for failing to file a brief and appendix.

1). Accordingly, his claim that the PCRA court erred in denying his request for post-conviction DNA testing fails.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/27/18

---

[4] Moreover, we note that Appellant's brief on appeal is undeveloped. Rather than discussing the merits of his petition, he complains about the alleged failure of the Montgomery County District Attorney's Office to comply with various unspecified orders and subpoenas of the federal court. (**See** Appellant's Brief, at 7-8). "[I]t is a well settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal." **Commonwealth v. McDermitt**, 66 A.3d 810, 814 (Pa. Super. 2013) (citation omitted).