J-S42017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUSTIN BERNARD BEGANDY | |
| Appellant | No. 1210 WDA 2015 |

Appeal from the Judgment of Sentence August 12, 2009
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000271-2007

BEFORE: SHOGAN, J., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.: **FILED AUGUST 31, 2016**

Justin Bernard Begandy appears to appeal from the judgment of sentence entered on August 12, 2009, and modified by the trial judge, the Honorable Donald E. Machen, Ret., on February 22, 2010, in the Court of Common Pleas of Allegheny County, following Begandy's entry into an open plea of *nolo contendere* to a variety of charges, including attempted kidnapping. After a thorough review of the submissions by the parties, relevant law, and the certified record, we hold the lower court had no jurisdiction, approximately six years late, to grant Begandy *nunc pro tunc* permission to file a direct appeal. Accordingly, we quash this appeal.

_____

[*] Former Justice specially assigned to the Superior Court.

The procedural posture is somewhat confusing in that the trial court, on July 18, 2015, purportedly granted Begandy *nunc pro tunc* relief to file a direct appeal of his judgment of sentence, but subsequently opined Begandy was not entitled to direct appeal relief on the basis of the October 1, 2014 decision of this Court which affirmed the denial relief to Begandy on his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*, as untimely. **See** Trial Court Opinion, 11/5/2015, at 2.

We direct the parties to the October 1, 2014 decision of our Court for the thorough recitation of the factual and procedural history of this matter. **See Commonwealth v. Begandy**, 108 A.3d 100, at *1-3, (Pa. Super. 2014) (unpublished memorandum), We note for ease of reference, that Begandy has, in the past and is currently, attempting to convert a clerical error in sentencing into a determination he was illegally sentenced for a crime he was not charged with. Specifically, Begandy entered into the *nolo contendere* plea to attempted kidnapping. He was sentenced in open court on that charge. However, when transcribed, it appeared he was sentenced on a charge of kidnapping. On February 22, 2010, the trial judge, the Honorable Donald E. Machen, corrected the written order to reflect the fact Begandy was sentenced on attempted kidnapping.

Begandy attempted to raise his claim of an illegal sentence in an untimely PCRA petition, filed in April, 2013.[1] Neither the PCRA court nor our Court addressed the merits of his claim because the petition was patently untimely and Begandy failed to demonstrate his entitlement to any of the exceptions to the one-year PCRA filing requirement. Begandy apparently sought to circumvent this failing by filing a petition for *nunc pro tunc* relief on July 16, 2015. The lower court purportedly granted that petition without considering that Begandy's request should have been treated as a PCRA petition seeking *nunc pro tunc* relief.

The Commonwealth has argued, and we agree, that Begandy's claim is essentially one of being subject to an illegal sentence. Such claims are generally cognizable under the PCRA.

> In **Commonwealth v. Fowler**, 930 A.2d 586 (Pa. Super. 2007), the learned Judge, now Justice, McCaffery, collected cases and reiterated that all motions filed after a judgment of sentence is final are to be construed as PCRA petitions. **Id**. at 591 (citing **Commonwealth v. Johnson**, 803 A.2d 1291, 1293 (Pa. Super. 2002)); **Commonwealth v. Evans**, 866 A.2d 442 (Pa. Super. 2005); **Commonwealth v. Beck**, 848 A.2d 987, 989 (Pa. Super. 2004); **Commonwealth v. Guthrie**, 749 A.2d 502, 503 (Pa. Super. 2000). More recently, in **Commonwealth v. Jackson**, 30 A.3d 516 (Pa. Super. 2011), this Court held that a defendant's motion to correct his illegal sentence was properly addressed as a PCRA petition, stating broadly, "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." **Id**. at 521 (*quoting* **Johnson**, **supra**).

---

[1] If we interpret his argument correctly, Begandy believes Judge Machen did not have the jurisdiction to correct the sentence. Therefore, the original, "illegal" sentence remained.

> We are, however, cognizant that in a one-page decision, a panel of this Court recently opined that a trial court may elect to treat a motion challenging a defendant's sentence, filed after the time for seeking direct review or the conclusion of a direct appeal, as an untimely post-sentence motion and not a PCRA petition. *Commonwealth v. Glunt*, 2012 PA Super 269, 61 A.3d 228. The defendant in *Glunt* framed the question as an illegal sentence and entitled his motion as a motion to vacate/correct illegal sentence. The *Glunt* panel referenced no case law in the body of the opinion and, insofar as it suggests a court may choose to treat a post-conviction sentencing motion as not falling within the strictures of the PCRA where the defendant's claim is that his sentence is illegal, it is contradicted by the numerous precedents mentioned *supra* and the language of the PCRA statute itself. *See* 42 Pa.C.S. § 9542.

*Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013).

Accordingly, Begandy's petition for *nunc pro tunc* relief was not an untimely post-sentence motion, it was his second PCRA petition. As noted, "any petition filed under this subchapter, including a second or subsequent petition. Shall be filed within one year of the date the judgment of sentence became final[.]" 42 Pa.C.S. § 9545(b)(1). Further, "Pennsylvania law makes clear that when a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted).

Here, as in his prior PCRA petition, Begandy had filed a facially untimely petition. Although in his prior petition he attempted to demonstrate entitlement to the timeliness exceptions, instantly he has failed to claim any such entitlement. The petition is, therefore, untimely and the lower court had no jurisdiction to grant Begandy *nunc pro tunc* relief.

Actions taken by a court without jurisdiction are void. ***See Commonwealth v. Walters***, 814 A.2d 253, 256 (Pa. 2002). Because the underlying order purporting to grant Begandy relief was void, there is no order to appeal. Accordingly, we quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/2016