J-S80045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ROLAND MATTHEW HROMEK JR. | |
| Appellant | No. 746 MDA 2016 |

Appeal from the PCRA Order April 13, 2016
in the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0002872-2013

BEFORE:  LAZARUS, J., STABILE, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.:                **FILED DECEMBER 16, 2016**

Appellant, Roland Matthew Hromek Jr., appeals from the April 13, 2016 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On August 23, 2013, Appellant entered into a negotiated guilty plea to one count of involuntary deviate sexual intercourse with a child under the age of thirteen.[1]  On November 25, 2013, he was sentenced to seven to fifteen years' incarceration.  The Commonwealth did not request the ten year mandatory minimum sentence.  **See** Notes of Testimony (N. T.), 8/23/13, at 1.  Appellant did not appeal from his judgment of sentence, and as a result,

_____

[1] 18 Pa.C.S. § 3123(b).

his sentence became final on December 26, 2013.[2]  **See** 42 Pa.C.S. § 9545(b)(3); **see also Commonwealth v. Walters**, 814 A.2d 253, 255-56 (Pa. Super. 2002).

On December 11, 2015, Appellant filed a PCRA petition, arguing that his sentence was illegal under **Alleyne v. United States**, 133 S. Ct. 2151 (2013).  Appointed counsel submitted a **Turner/Finley** "no merit" letter.[3] The PCRA court granted counsel's petition to withdraw and sent Appellant notice his petition would be dismissed without a hearing. On March 13, 2016, the PCRA court dismissed Appellant's petition as untimely.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement.  The PCRA court issued a responsive opinion, noting that Appellant's petition was untimely and that Appellant had not received a mandatory minimum sentence.

Herein, Appellant presents a single question for our review, namely, whether the trial court erred in not correcting an illegal sentence. Appellant's Brief at III.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported

---

[2] The record indicates that Appellant filed a PCRA on December 9, 2013, but that petition was withdrawn March 17, 2014.
[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

by the evidence of record and is free of legal error. ***See Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007).

We begin by addressing the timeliness of Appellant's petition, as the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of his claims. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. ***Id***. There are three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); ***see Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 783 (Pa. 2000).

Appellant acknowledges that his petition is untimely, but asserts that his claim is based upon a newly recognized constitutional right held to apply

- 3 -

retroactively. Appellant's Brief at 1. According to Appellant, the sentence imposed upon him is illegal pursuant to a newly recognized constitutional rule, namely, that mandatory minimum statutes are facially unconstitutional and void in their entirety. Appellant's Brief at 1 (citing in support **Commonwealth v. Wolfe**, 106 A.3d 800, 806 (Pa. Super. 2014) (noting that a mandatory minimum sentence imposed for offenses against infant persons was illegal pursuant to **Alleyne**) and **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. Super. 2015) (noting that numerous provisions of the statute were constitutionally infirm under **Alleyne** and were not severable)).

However, Appellant's reliance on **Wolfe** and **Hopkins** is misplaced. Appellant has not received a mandatory minimum sentence and, as such, **Alleyne** is not implicated.

Even if Appellant had received a mandatory minimum sentence, the Pennsylvania Supreme Court has determined that the rule announced in **Alleyne** was neither a substantive nor a "watershed" procedural rule and, therefore, did not apply retroactively to cases pending on collateral review. **Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016), **see also Commonwealth v. Riggle**, 119 A.3d 1058, 1064-67 (Pa. Super. 2015) (same).

Further, **Hopkins** did not announce a new rule that has been held to apply retroactively. **See Commonwealth v. Whitehawk**, 146 A.3d 266,

271 (Pa. Super. 2016) (noting that **Hopkins** only assessed the validity of 18 Pa.C.S. § 6317 under **Alleyne**).

Appellant's petition is untimely, and he has not satisfied a timeliness exception to the requirements of the PCRA. Consequently, the PCRA court was without jurisdiction to review the merits of Appellant's claim and properly dismissed his petition. **See Ragan**, 932 A.2d at 1170.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/16/2016</u>