J-S94028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| KEVIN FRANCIS SCOTT | |
| Appellant | No. 470 MDA 2016 |

Appeal from the PCRA Order February 16, 2016
in the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0000854-2008

BEFORE: LAZARUS, J., RANSOM, J., and FITZGERALD, J.[*]

MEMORANDUM BY RANSOM, J.:                **FILED APRIL 24, 2017**

Appellant, Kevin Francis Scott, appeals from the February 16, 2016, order denying as untimely his petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

On September 3, 2008, Appellant entered into a negotiated guilty plea to two counts each of indecent exposure, corruption of minors, and open lewdness.[1] The court proceeded immediately to sentencing, and Appellant received an aggregate term of ten to twenty years of incarceration, to be served consecutively to a New York state sentence.

Appellant did not file a direct appeal, and accordingly, his judgment of sentence became final on October 3, 2008. **See** 42 Pa.C.S. § 9545(b)(3);

---

[1] 18 Pa.C.S. § 3127(a), 6301(a)(1), and 5901, respectively.

[*] Former Justice specially assigned to the Superior Court.

*see also Commonwealth v. Walters*, 814 A.2d 253, 255-256 (Pa. Super. 2002). Appellant began serving his New York state sentence on November 17, 2008, and his Pennsylvania state sentence on November 23, 2010.

On October 27, 2011, Appellant filed a petition seeking PCRA relief. Counsel was appointed and submitted a **Turner/Finley** letter.[2] Appellant filed a response in opposition. The PCRA court granted counsel's petition to withdraw and dismissed the petition as untimely on February 16, 2016.[3]

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued a responsive opinion.

Herein, Appellant presents the following questions for our review:

I. Did the [PCRA] court err when it determined that Appellant was time-barred from filing his PCRA when Appellant's sentence did not begin until Appellant was returned to Pennsylvania?

II. Did the [PCRA] court err by denying Appellant's constitutional right to a direct appeal of Appellant's conviction and sentence *nunc pro tunc* in which the [PCRA] court deemed the claim meritless?

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

[3] The PCRA court suggests that it sent notice pursuant to Pa.R.Crim.P. 907. However, a review of the record does not reflect that notice was actually sent. Nevertheless, the failure to issue Rule 907 notice does not automatically warrant reversal, especially where a petition is patently untimely. **See Commonwealth v. Pursell**, 749 A.2d 911, 917 n.7 (Pa. 2000) (declining to provide appellant with relief despite PCRA court's failure to send required notice, where appellant failed to invoke jurisdiction of the court by pleading and proving the applicability of PCRA timeliness exceptions).

III. Did the [PCRA] court err when it held that Appellant's plea was knowing, wherein the plea was unlawfully induced where the Appellant is actually innocent?

IV. Did the [PCRA] court err when it determined that Appellant's claim that the sentence was not [an] agreed upon sentence by the negotiated plea and actual addition of all charges placed the sentence outside the lawful maximum under the agreed upon plea; as well as counsel's ineffectiveness for failing to object to the breach of contract?

V. Did the [PCRA] court err when it determined that Appellant's claim that Appellant's trial/plea counsel was ineffective and had no merit and should be dismissed?

Appellant's Brief at 4 (unnecessary capitalization omitted).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *See Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007).

We begin by addressing the timeliness of Appellant's petition, as the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of his claims. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. *Id*. There are three exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); *see Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000).

Appellant's petition is untimely.[4] Accordingly, in order for this Court to reach the merits of his issues, Appellant must plead and prove one of the exceptions to the time bar. *See Bennett*, 930 A.2d at 1267.

Appellant's first issue consists of two parts. First, Appellant claims that his petition should not be time barred because his "sentence did not begin until he was returned to Pennsylvania." *See* Appellant's Brief at 8. Further, he claims governmental interference prevented him from timely filing his petition. *Id.*

_____

[4] Appellant's petition is patently untimely. His judgment of sentence became final on October 3, 2008, at the expiration of the thirty day period for which he could file a direct appeal to the Pennsylvania Superior Court. *See* 42 Pa.C.S. § 9545(b)(3) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking that review). October 3, 2009, was a Saturday. Accordingly, Appellant had until October 5, 2009, to timely file a PCRA petition. Appellant's petition, filed October 27, 2011, was more than two years late.

Appellant's governmental interference claim consists of three sub-issues. First, he claims that the prosecutor and trial court ordered that Appellant's Pennsylvania sentence run consecutively to the New York state sentence, even though the prosecutor should have known Appellant would not have access to Pennsylvania legal material in a New York prison. *Id.* at 8-9. Second, Appellant claims that New York prison officials allegedly held him beyond his maximum New York prison sentence. *Id.* at 10. Finally, Appellant claims that he was prevented from accessing legal materials in Pennsylvania due to his concern that other inmates would assault him. *Id.* at 12.

Appellant's claim that his sentence did not begin until he was returned from New York to Pennsylvania is waived and meritless. First, Appellant has waived it for failure to cite to any applicable authority or properly develop his argument. *See* Pa.R.A.P. 2119(a)-(c); *see also Commonwealth v. Knox*, 50 A.3d 732, 748 (Pa. Super. 2012) ("[T]he argument portion of an appellate brief must be developed with a pertinent discussion of the point which includes citations to the relevant authority.") However, even if not waived, Pennsylvania does not recognize equitable tolling in the context of untimely filed PCRA petitions. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999).

With regard to Appellant's claims of governmental interference, to establish the applicability of this exception, "the petitioner must plead and

prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." ***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa. 2008). It is the petitioner's burden to allege and prove that one of the timeliness exceptions applies. ***See Commonwealth v. Hawkins***, 953 A.2d 1248, 1253 (Pa. 2008). The Act requires that a petitioner file his claim within sixty days of the date the claim could have been presented. ***See*** 42 Pa.C.S. § 9545(b)(2); ***Commonwealth v. Stokes***, 959 A.2d 306, 310 (Pa. 2008). Thus, with respect to this exception, the petitioner must plead and prove he could not have filed his claim earlier. ***Id.***

First, Appellant claims he did not have access to Pennsylvania law in New York state prison, and that this amounted to governmental interference. ***See*** Appellant's Brief at 8. However, Appellant does not offer a reasonable explanation why, with the exercise of due diligence, this alleged interference of government officials could not have been ascertained earlier. ***See Commonwealth v. Breakiron***, 781 A.2d 94 (2001) (rejecting governmental interference exception where petitioner failed to offer reasonable explanation why, with the exercise of due diligence, alleged interference of government officials could not have been ascertained earlier). Appellant was sentenced in open court on October 3, 2008, was aware his Pennsylvania sentence would be served consecutive to the New York

sentence, and did not file a petition within sixty days of the date of the discovery of the alleged interference.

Further, the trial court's decision to impose the sentence consecutive to Appellant's New York sentence does not qualify as governmental interference for the purposes of the PCRA, as it is within the trial court's discretion to impose consecutive sentences, and any challenge to the discretionary aspects of Appellant's sentence must have been preserved in a timely post sentence motion. **See Commonwealth v. Austin**, 66 A.3d 798, 809-10 (Pa. Super. 2013); **Commonwealth v. Watson**, 835 A.2d 786, 791 (Pa. Super. 2003). Appellant did not file such a motion. **Id.**

Next, Appellant claims that New York prison officials allegedly held him beyond his maximum New York prison sentence. **See** Appellant's Brief at 10. Appellant has waived this argument for failure to cite to any applicable authority or properly develop his argument. **See** Pa.R.A.P. 2119(a)-(c); **see also Knox**, 50 A.3d at 748 ("[T]he argument portion of an appellate brief must be developed with a pertinent discussion of the point which includes citations to the relevant authority.")

Finally, Appellant claims that he was unable to access the Pennsylvania state prison law library for fear of being beaten by other inmates, and contends that this amounted to governmental interference. **See** Appellant's Brief at 10. This argument is meritless. Appellant was not returned to

Pennsylvania until November 2010, more than a year after the date he was required to timely file a PCRA petition.

The remainder of Appellant's claims do not plead time bar exceptions. Appellant's petition is untimely, and he has not satisfied a timeliness exception to the requirements of the PCRA. Consequently, the PCRA court was without jurisdiction to review the merits of Appellant's claim and properly dismissed his petition. **See Ragan**, 932 A.2d at 1170.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/2017