J-S18042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DWAYNE HENRY | |
| Appellant | No. 165 EDA 2016 |

Appeal from the PCRA Order December 4, 2015
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0805831-2004

BEFORE: PANELLA, SOLANO, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED SEPTEMBER 22, 2017**

Appellant, Dwayne Henry, *pro se*, appeals from an order dismissing his first petition[1] for relief under the Post Conviction Relief Act ("PCRA").[2] Appellant argues that his prior PCRA counsel was ineffective for failing to include claims that his attorneys at trial and on direct appeal were ineffective for failing to challenge (1) the sufficiency of the evidence underlying his conviction for robbery,[3] (2) the jury instruction relating to robbery and (3) the admission of alleged hearsay evidence in violation of his rights under the Confrontation Clause. We remand with instructions for the PCRA court to

---

[*] Former Justice specially assigned to the Superior Court.

[1] As discussed below, Appellant timely filed his first petition in 2009 and amended it four times between 2009 and 2015.

[2] 42 Pa.C.S. §§ 9541-9546.

[3] 18 Pa.C.S. § 3701(a)(1)(ii).

amend Appellant's judgment of sentence to provide that Appellant was sentenced for robbery under 18 Pa.C.S. § 3701(a)(1)(ii), thereby correcting a clerical error in his judgment of sentence. Otherwise, we affirm.

The evidence adduced during trial was as follows. On June 22, 2004, the victim, William Sizemore, left work at 11:15 p.m. and began walking home. N.T., 10/24/06, at 39. When he reached the 1300 block of Dyre Street in Philadelphia, he heard someone behind him, turned around, and saw a man with his face covered, wearing a black jersey with a red number three on it. *Id.* at 42-44. The man pointed a shotgun at Sizemore and tried to take his wallet, but the wallet was stuck. *Id.* at 46-48. The man struck Sizemore in the face, knocking off his glasses. *Id.* at 50-52. When Sizemore picked up his glasses, he saw Appellant standing in front of him, while the man with the jersey stood at his right side. *Id.* Appellant cocked a gun, pointed it at Sizemore's face, and said: "We're taking your stuff." *Id.* at 49. The man wearing the jersey told Appellant to shoot if Sizemore did not give up his wallet. *Id.* at 57. Sizemore threw his wallet to the man with the jersey, and the two robbers ran away. *Id.* Sizemore called police when he got home. *Id.* at 58. The right side of his face was swollen, and he had a bloody nose. *Id.* at 60-61.

Later that night, after receiving a radio call concerning the robbery, Officer Steven Ruddy saw Appellant on the 1600 block of Wakeling Street talking to a man later identified as James King. N.T., 10/25/06, at 12-14.

King was wearing a black football jersey with a number three on it. *Id.* at 19. Highway patrol officers Timothy Murphy and Joseph Hanson arrived at the scene. *Id.* at 16. Appellant tried to avoid detection by ducking behind cars, but he dropped a bag that made a loud metallic sound. N.T., 10/24/06, at 124. An officer shined a light on him, and he raised his hands and fled, but Officer Murphy caught him after a foot pursuit. *Id.* at 124-25. Officer Hanson recovered the bag and found a shotgun inside it. Officer Ruddy stopped King. N.T., 10/25/06, at 17.

Police officers brought Sizemore to the scene. N.T., 10/24/06, at 59-60. He immediately identified Appellant as one of the robbers. *Id.* He recognized the jersey that King was wearing but could not identify him because he had not seen his face during the robbery. *Id.* The officers let King go, but as King walked away laughing, Appellant began yelling and cursing at him. *Id.* at 138-139. When Detective Christopher Casee learned that King had been released, he directed Officer Ruddy to apprehend him at his known address, and Officer Ruddy did so. N.T., 10/25/06, at 65.

The jury found Appellant guilty of robbery on October 25, 2006. On February 9, 2007, the court imposed a sentence of seven and one-half to fifteen years' imprisonment followed by five years of probation. Appellant filed post-sentence motions, which the court denied, and a direct appeal claiming that his sentence was excessive and that he should not have been tried as an adult. On August 7, 2008, this Court affirmed his judgment of

sentence. On April 15, 2009, the Supreme Court denied his petition for allowance of appeal.

On June 15, 2009, Appellant filed a *pro se* PCRA petition. Court-appointed counsel, John Cotter, Esquire, ("first PCRA counsel") filed an amended petition and a supplemental amended petition. In June 2011, Appellant filed a *pro se* motion accusing PCRA counsel of ineffectiveness. On September 15, 2011, the court dismissed Appellant's PCRA petition without a hearing and permitted first PCRA counsel to withdraw his appearance. This Court remanded with instructions to permit Appellant to assert claims of ineffectiveness against PCRA counsel and to hold a *Grazier*[4] hearing to determine whether Appellant wished to litigate these claims *pro se* or through new court-appointed counsel. During the *Grazier* hearing, Appellant advised that he wanted new counsel to represent him, and the court appointed Mark Mungello, Esquire, as counsel. Mr. Mungello filed an amended PCRA petition, but Appellant complained that he was dissatisfied with the issues raised in that petition. Mr. Mungello filed another amended petition—his fourth amended petition and the petition presently under review—on June 25, 2015. On October 27, 2015, the Commonwealth filed a motion to dismiss the petition. The PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss the petition on October 30, 2015. Appellant did not file a response. On December 4, 2015, the PCRA court dismissed the

---

[4] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

petition without a hearing and permitted Mr. Mungello to withdraw his appearance.

The PCRA court appointed Douglas Earl, Esquire to represent Appellant in this appeal, but Appellant elected to file a *pro se* notice of appeal to this Court. On January 12, 2016, the court ordered Appellant to file a Pa.R.A.P. 1925 statement within twenty-one days. Appellant, again acting *pro se*, filed an untimely Rule 1925(b) statement on February 12, 2016.[5] At Appellant's request, Mr. Earl filed a motion to withdraw on March 17, 2016. The PCRA court granted this motion on April 6, 2016, allowing Appellant to proceed *pro se*.

The PCRA court did not conduct a **Grazier** hearing prior to allowing Mr. Earl to withdraw. Accordingly, on March 23, 2017, this Court vacated the April 6, 2016 order and remanded to the PCRA court for a **Grazier** hearing. On April 24, 2017, the PCRA court entered an order that Appellant's decision to represent himself in this appeal was knowing, voluntary and intelligent. Accordingly, we proceed to the issues raised on appeal.

Appellant raises four issues on appeal, which we have re-ordered and reworded for the sake of convenience:

---

[5] At the time that the Rule 1925(b) statement was due, Mr. Earl was still counsel of record for Appellant. Since Mr. Earl's status as counsel of record made it unclear whether he should have filed the Rule 1925(b) statement instead of Appellant, we will not construe Appellant's untimely filing of the Rule 1925(b) statement as a waiver of all issues on appeal.

> 1. Whether first PCRA counsel reasonably declined to argue that appellate counsel was ineffective for not challenging the sufficiency of the evidence underlying Appellant's conviction for robbery?
>
> 2. Whether first PCRA counsel reasonably declined to claim that trial counsel was ineffective for failing to challenge the court's proper jury instruction regarding the elements of robbery?
>
> 3. Whether first PCRA counsel reasonably declined to argue that trial counsel was ineffective for failing to object to hearsay evidence?
>
> 4. Whether first PCRA counsel was ineffective for failing to consult with Appellant prior to filing his amended petition?

Appellant's Brief at 9.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Abu–Jamal*, 941 A.2d 1263, 1267 (Pa. 2008) (citation omitted). When a PCRA petitioner alleges ineffective assistance of counsel, counsel is presumed to have provided effective representation unless the petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his or her conduct; and (3) the petitioner was prejudiced by counsel's action or omission. *See Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). "In order to meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Commonwealth v. Reed*, 42 A.3d

314, 319 (Pa. Super. 2012) (citation and quotation marks omitted), *appeal denied*, 114 A.3d 416 (Pa. 2015). A claim of ineffective assistance of counsel will fail if the petitioner does not meet any of the three prongs. **See Commonwealth v. Simpson**, 66 A.3d 253, 260 (Pa. 2013). "The burden of proving ineffectiveness rests with [a]ppellant." **Commonwealth v. Rega**, 933 A.2d 997, 1018 (Pa. 2007) (citation omitted).

Because Appellant presents claims of PCRA counsel's ineffectiveness, we note that

> [l]ayered claims of ineffectiveness "are not wholly distinct from the underlying claims[,]" because "proof of the underlying claim is an essential element of the derivative ineffectiveness claim[.]" "In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent [PCRA] counsel cannot be deemed ineffective for failing to raise the underlying issue."

**Commonwealth v. Rykard**, 55 A.3d 1177, 1190 (Pa. Super. 2012) (citations omitted). Thus, to prevail upon a layered ineffectiveness claim, a petitioner must present argument on the three prongs of the ineffectiveness test as to each relevant layer of representation. **See Commonwealth v. Reaves**, 923 A.2d 1119, 1127–28 (Pa. 2007).

Appellant first claims PCRA counsel was ineffective for failing to assert that his direct appeal counsel was ineffective for not challenging the sufficiency of the evidence underlying his robbery conviction. He contends

that the Commonwealth failed to establish that he inflicted serious bodily injury on the victim while robbing him. No relief is due.

To prevail on his underlying claim that appellate counsel was ineffective for failing to raise an issue, Appellant must show that, had counsel raised that issue in his brief, it would have been meritorious on appeal. *See Commonwealth v. Washington*, 927 A.2d 586, 607-08 (Pa. 2007); *Rykard*, 55 A.3d at 1190. Further, appellate counsel is entitled, as a matter of strategy, to forego even meritorious issues in favor of issues he believes present a greater likelihood of success. *See Commonwealth v. Jette*, 23 A.3d 1032, 1042 (Pa. 2011). Therefore, where counsel does not raise every claim that Appellant deems meritorious, "counsel need not be called upon to articulate a reasonable legal basis for not including the foregone claims." *Id.*

When reviewing a challenge to the sufficiency of the evidence,

> [t]he standard we apply . . . is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above

test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact[,] while passing upon credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Talbert*, 129 A.3d 536, 542-43 (Pa. Super. 2015), *appeal denied*, 138 A.3d 4 (Pa. 2016) (citation omitted).

The robbery statute, 18 Pa.C.S. § 3701, provides in relevant part: "A person is guilty of robbery if, in the course of committing a theft, he: (i) inflicts serious bodily injury upon another; [or] (ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury . . ." 18 Pa.C.S. § 3701(a)(1)(i)-(ii). Subsections (i) and (ii) are both first degree felonies. *See* 18 Pa.C.S. § 3701(b)(1). Here, the evidence demonstrates that in the course of stealing Sizemore's wallet, Appellant and his cohort struck Sizemore in the face, causing swelling and bleeding, and took turns pointing a shotgun at him while threatening to shoot him. This evidence was sufficient to prove Appellant's guilt under section 3701(a)(1)(ii). Thus, because Appellant's underlying argument that direct appeal counsel was ineffective lacks merit, his layered claim regarding first PCRA counsel's ineffectiveness must fail.

Appellant also contends that the evidence was insufficient to prove robbery under section 3701(a)(1)(i), inflicting serious bodily injury on another in the course of committing a theft. It appears that Appellant makes this argument because the sentencing order only refers to subsection

(i), but not subsection (ii). Instantly, the trial court instructed the jury under subsection (ii), and did not instruct the jury on subsection (i). N.T., 10/25/06, at 197-98. The jury found Appellant guilty of robbery generally. At sentencing, the Commonwealth recited that the robbery conviction carried an offense gravity score of ten, which is applicable to robbery under subsection (ii).[6] N.T., 2/9/07, at 18. The trial court simply sentenced Appellant for "robbery" after reviewing Appellant's presentence report and mental health evaluation. *Id.* at 29-30. Under these circumstances, it is evident that the court sentenced Appellant not under subsection (i), but robbery graded as a first degree felony as was authorized by the verdict, *i.e.*, robbery under subsection (ii). Presently, the sentencing order only provides that Appellant's robbery sentence is under subsection (i). To correct this error, we will remand with instructions for the PCRA court to amend Appellant's sentencing order to provide that his robbery sentence as as a first degree felony under 18 Pa.C.S. § 3701(a)(1)(ii). *See* ***Commonwealth v. Walters***, 814 A.2d 253, 256 (Pa. Super. 2002) (court has inherent power to correct defects and omissions in record).

In his second argument, Appellant contends that trial counsel was ineffective for failing to object to the court's jury instruction defining

---

[6] The offense gravity score for robbery under subsection (i) is twelve. See 204 Pa.Code. § 303.15 (eff. June 13, 1997).

robbery, and that first PCRA counsel was ineffective for raising this claim. We disagree.

The trial court has wide discretion in phrasing its jury instructions and may choose its own wording. *See Commonwealth v. Simpson*, 66 A.3d 253, 268 (Pa. 2013). Instructions are proper so long as, viewed in their entirety, they clearly and accurately present the law to the jury. *Id.* at 274.

Appellant claims that the trial court erred by focusing its instructions on the threat to cause serious bodily injury or to put the victim in fear of it, rather than instructing that he could be convicted if he actually inflicted serious bodily injury. As discussed above, however, the Commonwealth charged Appellant with threatening to cause serious bodily injury under subsection (ii), the trial court instructed the jury on that charge, and the evidence was sufficient to prove this charge. Therefore, Appellant's argument that the jury instruction should have referenced the infliction of serious bodily injury lacks arguable merit, and he cannot prevail on his layered claim of ineffectiveness.

In his third argument, Appellant claims first PCRA counsel should have asserted that trial counsel was ineffective for not objecting to testimony from Detective Casee that Appellant's co-conspirator, King, showed him the crime scene. *See* N.T., 10/25/06, at 73 (Detective Casee's testimony that King took him to the crime scene and showed it to him). Appellant claims

that this testimony was hearsay and was "testimonial," thus violating his Confrontation Clause rights. We disagree.

> [T]he admissibility of evidence rests within the sound discretion of the trial court, whose decision we will not disturb absent a showing that its discretion has been abused. Discretion is abused when the course pursued [by the trial court] represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias, or ill will.

*Commonwealth v. Dargan*, 897 A.2d 496, 500 (Pa. Super. 2006) (citations and quotation marks omitted).

The Rules of Evidence define hearsay as "a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Pa.R.E. 801(c). "An out of court statement offered not for its truth but to explain the witness's course of conduct is not hearsay." *Commonwealth v. Rega*, 933 A.2d 997, 1017 (Pa. 2007). Multiple decisions have held that a police officer's testimony concerning an out of court statement was admissible to explain his course of conduct. *See id.* (trooper's testimony that on morning following murder, codefendant had told trooper that he and defendant dropped defendant's daughters off at defendant's mother's home before leaving together, was not inadmissible hearsay, where Commonwealth introduced testimony to explain reason for further investigating codefendant and defendant); *Commonwealth v.*

*Sneed*, 526 A.2d 749, 754 (Pa. 1987) (police officer's testimony describing radio call that prompted his trip to crime scene was not hearsay because it was introduced solely to explain why he went to scene); *Commonwealth v. Estepp*, 17 A.3d 939, 945 (Pa. Super. 2011) (police officer's testimony regarding statements by confidential informant admissible to explain officer's course of conduct in investigating drug sales); *Dargan*, 897 A.2d at 499, 501-02 (officer's testimony as to out-of-court statements made to him by confidential informant, consisting of report that heroin could be purchased from defendant, description of defendant and his automobile, his address, and name of his girlfriend, admissible for purpose of explaining officer's acts in connection with his investigation).

Here, Detective Casee did not offer King's out-of-court statement for its truth but simply to explain his course of conduct. As such, this testimony was not hearsay under the authorities listed above. Further, King's report did not constitute a testimonial "statement" that implicated the Confrontation Clause, because it was offered for a non-hearsay purpose. *See Michigan v. Bryant*, 562 U.S. 344, 367 n.11 (2011) (Confrontation Clause does not apply when "statements are offered for purposes other than establishing the truth of the matter asserted"). Accordingly, Appellant's argument that trial counsel was ineffective lacks arguable merit and his related claim of first PCRA counsel's ineffectiveness also fails.

In his final argument, Appellant claims that first PCRA counsel was ineffective for failing to "consult" with him, resulting in an "incomplete brief." Appellant's Brief at 19. This claim is waived, as it was not preserved in Appellant's fourth amended PCRA petition or in a response to the PCRA court's Rule 907 notice. Moreover, Appellant failed to develop this claim in his brief beyond the vague accusation that counsel failed to "consult" with him. Appellant fails to argue how this alleged lack of consultation amounted to ineffective assistance, particularly because none of his other claims have merit. *See Commonwealth v. Johnson*, 985 A.2d 915, 924-25 (Pa. 2009) (claims not developed in appellate brief are waived; "we will not develop Appellant's arguments for him").

Case remanded with instructions for PCRA court to amend Appellant's judgment of sentence to provide that Appellant was sentenced for robbery under 18 Pa.C.S. § 3701(a)(1)(ii). Order affirmed in all other respects. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/22/2017