COMMONWEALTH OF
PENNSYLVANIA,
Appellant,

v.

Eric WALTERS, Appellee.

Superior Court of Pennsylvania.

Submitted Aug. 5, 2002.

Filed Dec. 20, 2002.

Michele D. Alfieri, Asst. Dist. Atty., Smethport, for Commonwealth, appellant.

Thomas R. Ceraso, Greensburg, for appellee.

Before: DEL SOLE, P.J., GRACI and MONTEMURO,* JJ.

OPINION BY DEL SOLE, P.J.

¶ 1 The Commonwealth appeals from the trial court's order which allowed Walters to withdraw his plea of *nolo contendere* and enter a new plea and also included a re-sentencing of Walters. Upon review, we vacate this order and reinstate the original sentence.

¶ 2 In 1993, Walters entered a negotiated plea of *nolo contendere* to attempted rape,[1] aggravated assault,[2] burglary,[3] terroristic threats,[4] and indecent exposure.[5] On February 22, 1994, Walters was sentenced to confinement for a period of a minimum of 5½ to a maximum of 16 years.

¶ 3 In December of 1996, Walters filed a motion for post conviction collateral relief. Subsequently, an amended PCRA petition was filed. After a hearing on the PCRA petition, but before rendering a decision, the trial court entered an order providing that no further action would be taken on Walters' petition based on Walters' letter that stated he was abandoning his PCRA petition.

¶ 4 No further action was taken on the matter until July 2001, at which time Walters filed a motion for modification of sentence *nunc pro tunc*. Through his motion, Walters sought release from prison as the Board of Probation and Parole had declined to grant him parole. On August 30, 2001, the trial court permitted Walters to withdraw his previously entered plea of *nolo contendere*. The trial court then allowed Walters to enter a new plea. Walters again entered a plea of *nolo contendere*. The trial court then re-sentenced Walters to time served and to an additional eight years of county probation. The Commonwealth objected to the action of the trial court and timely filed this appeal.

¶ 5 Appellant presents two issues on appeal. First Appellant argues that the trial court lacked jurisdiction over this matter and its action of allowing Walters to withdraw his plea, enter a new plea and then re-sentencing Walters is null and void. Appellant's Brief at 10. We agree.

¶ 6 Section 5505 of Pennsylvania Judicial Procedure provides:

§ 5505. Modification of orders

Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S.A. § 5505.

¶ 7 Trial courts have the power to alter or modify a criminal sentence within thirty days after entry, if no appeal is taken. 42 Pa.C.S.A. § 5505; *Commonwealth v. Quinlan*, 433 Pa.Super. 111, 639

---

* Retired Justice assigned to the Superior Court.

1. 18 Pa.C.S.A. §§ 901/3121

2. 18 Pa.C.S.A. § 2702(a)(4)

3. 18 Pa.C.S.A. § 3502

4. 18 Pa.C.S.A. § 2706

5. 18 Pa.C.S.A. § 3127

A.2d 1235, 1238 (1994). Generally, once the thirty-day period is over, the trial court loses the power to alter its orders. *Quinlan,* 639 A.2d at 1238. When an appeal is taken, the trial court has no jurisdiction to modify its sentence. *Id.* We note, however, that the time constraint imposed by section 5505 does not affect the inherent powers of the court to modify a sentence in order to "amend records, to correct mistakes of court officers or counsel's inadvertencies, or to supply defects or omissions in the record...." *Id.,* at 1239. Therefore, where the mistake is patent and obvious, the court has the power to correct it even though the 30–day appeal period has expired. *Commonwealth v. Rohrer,* 719 A.2d 1078, 1080 (Pa.Super.1998). It is also well-established that where a showing of fraud or another circumstance "so grave or compelling as to constitute 'extraordinary causes justifying intervention by the court,'" then a court may open or vacate its order after the 30–day period has expired. *Cardwell v. Chrysler Fin. Corp.,* 804 A.2d 18, 22 (Pa.Super.2002).

¶ 8 In the case *sub judice,* Appellee was sentenced on February 22, 1994. No direct appeal was filed. The order sentencing Appellee was final, thus 42 Pa. C.S.A. § 5505 applies. Accordingly, the trial court had 30 days, barring mistake or fraud, in which to modify the order. The trial court did not take action within this time period. It was not until August 30, 2001 that the trial court allowed Appellee to withdraw his plea and re-enter a plea. The court then re-sentenced Appellee. The trial court's action took place well beyond thirty days after the entry of the final order. As the court had no jurisdiction to act, unless the action was to correct a patent and obvious mistake or was as a result of fraud or extraordinary circum-

stances justifying judicial intervention, the action is void.

¶ 9 Appellee argues that there was error in this case in that the sentencing order did not accurately reflect the oral sentence handed down by the trial court. Appellee's Brief at 6. Furthermore, Appellee argues that a second error was committed by the trial judge, and was subject to correction beyond the thirty-day time limitation. Appellee's Brief at 7. Specifically, Appellee maintains that the sentencing judge did not advise Appellee that, as part of any post-sentence motion filed under former Rule 1410 of Pennsylvania Rules of Criminal Procedure, Appellee could file a motion to modify sentence. *Id.* We disagree with both arguments.

¶ 10 A review of the record indicates that the sentencing order does accurately reflect the oral sentence rendered by the trial court. Furthermore, in his memorandum in support of his motion for modification of sentence, Appellee acknowledges that the court was within the sentencing guidelines and terms agreed upon when he was sentenced. Accordingly, we cannot agree that there was a mistake that could be corrected following expiration of the thirty days.

¶ 11 Next, we must consider whether there were extraordinary circumstances or fraud necessitating judicial intervention. In its 1925(a) opinion, the trial court states that when it sentenced Appellee in February of 1993, it did not believe that Appellee would serve more than 5½ years in prison. Trial Court Opinion, 1/23/02, at 2. The trial court stated that Appellee was sentenced to a maximum of 16 years so that he could be supervised for 10½ years after release from prison. *Id.* The trial court judge stated:

Had I any belief that he would be imprisoned beyond the minimum sentence

despite his good behavior, I would have structured the sentence differently. *Id.* The trial judge further explained that he believed it to be manifestly unjust not to allow Appellant to withdraw his guilty plea when he had been sentenced by a judge "... who had no idea what the consequence of that sentence would be." *Id.* It is the trial court's position that this injustice resulted from a change of rules that occurred after Appellee was sentenced. *Id.*

¶ 12 On the face of the trial court's opinion it is unclear as to which change of rules the court was referring. Review of the notes of testimony from the proceedings in August 2001 does not shed much more light on the matter. Review of Appellee's memorandum in support of his motion for modification of sentence, however, refers to changes in the "rules" regarding eligibility for parole.

¶ 13 We do not agree that this change of "rules" constitutes such an extraordinary circumstance as to require judicial intervention as determined by the trial court. Under Pennsylvania law, the minimum term imposed on a prison sentence merely sets the date prior to which a prisoner may not be paroled. *Rogers v. Pennsylvania Bd. of Probation & Parole,* 555 Pa. 285, 724 A.2d 319, 321, n. 2, (1999). A prisoner has no absolute right to be released from prison on parole upon the expiration of the prisoner's minimum term. See 61 Pa.C.S.A. § 307; *Rogers,* 724 A.2d at 321, n. 2. A prisoner has only a right to apply for parole at the expiration of his or her minimum term and to have that application considered by the Board. *Id.* If the Board denies the prisoner's application, the period of confinement can be the maximum period of incarceration specified by the sentencing court, although the prisoner may continue to reapply with the Board for parole. *Id.* Furthermore, the Parole Board has exclusive power to grant or deny parole to a prisoner. *Id.;* 61 Pa. C.S.A. § 331.17.

¶ 14 In its opinion, the trial court asserts that its action was not a sentence modification, as prohibited by 42 Pa.C.S.A. § 5505. Trial Court Opinion, 1/23/02, at 3. Instead, the trial court maintains that it simply permitted Appellee to withdraw his plea. *Id.* Regardless of the trial court's designation, following thirty days after entry of the final order the trial court had no jurisdiction over this matter. The trial court had no authority to permit Appellee to withdraw his plea.

¶ 15 The Commonwealth next argues that the trial court was without authority to permit Appellee to withdraw his plea of *nolo contendere* under the guise of the Post Conviction Relief Act. Appellant's Brief at 4. The Commonwealth maintains that the time restrictions of the Post Conviction Relief Act prohibits consideration of the petition or motion under the guise of the PCRA because under those provisions, both pleadings were untimely.

¶ 16 We agree that the trial court had no authority to proceed in this matter under the provisions of the PCRA. Initially, we note that the time provisions of the PCRA prohibit consideration of this matter because it was untimely filed. Furthermore, a claim of denial of parole is not cognizable under the PCRA. *Commonwealth v. Vega,* 754 A.2d 714, 716 (Pa.Super.2000). Accordingly, we find no authority under the PCRA justifying the actions taken by this court in allowing Appellee to withdraw his plea, allowing Appellee to re-enter the plea and then re-sentencing Appellee.

¶ 17 Order which allowed Walters to withdraw his plea of *nolo contendere* and enter a new plea and also included a re-sentencing of Walters vacated and original

sentence reinstated. Jurisdiction relinquished.

¶ 18 Judge GRACI files a concurring opinion.

CONCURRING OPINION BY GRACI, J.

¶ 1 I join the thorough opinion of the court. I write separately to note my concern that the trial court improperly considered the fact that Appellee had not yet been paroled in deciding to award him relief.

¶ 2 There is never any right to parole. *See Commonwealth v. Stark*, 698 A.2d 1327, 1333 (Pa.Super.1997) (convicted persons in Pennsylvania have no constitutional or inherent rights to parole). "Parole is a matter of grace and mercy shown to a prisoner who has demonstrated to the Board's satisfaction his ability to function as a law abiding member of society." *Commonwealth v. Baldwin*, 760 A.2d 883, 886 (Pa.Super.2000) (quoting *Stark*, 698 A.2d at 1333). When a convict is sentenced, he or she has no legitimate expectation except to serve the maximum sentence. *See Commonwealth v. Daniel* 430 Pa. 642, 243 A.2d 400, 403 (1968) ("the maximum sentence is the real sentence"); *Gundy v. Com., Pennsylvania Board of Probation and Parole*, 82 Pa.Cmwlth. 618, 478 A.2d 139, 141 (1984) (stating, "[t]he sentence imposed for a criminal offense is the maximum sentence and the minimum sentence merely sets the date prior to which a prisoner may not be paroled").

¶ 3 Parole of prisoners sentenced to more than two years imprisonment such as Appellee is exclusively within the province of the Pennsylvania Board of Probation and Parole. *See Commonwealth v. Tilghman*, 438 Pa.Super. 313, 652 A.2d 390, 391 (1995) (citations omitted); *see also* 61 P.S. §§ 331.17 and 331.21. The sentencing court has a right to be heard on the question of parole, but does not control the decision. *See* 61 P.S. § 331.18. Under our parole system, the expiration of the minimum sentence merely allows a prisoner to be considered for parole. *See Rogers v. Pennsylvania Board of Probation and Parole*, 555 Pa. 285, 724 A.2d 319, 321 n. 2 (1999) (citations omitted). A prisoner otherwise has no entitlement to parole. *See id.* Parole, under these circumstances, is a matter of legislative grace vested in the discretion of the Parole Board. *See Tilghman*, 652 A.2d at 391; *see also* 61 P.S. §§ 331.17 and 331.21. It is not a matter of concern for the court. These "rules" have not changed since Appellee was originally sentenced. They were the rules in place then.

¶ 4 Moreover, it is absolutely irrelevant that the trial court may have thought that Appellee should or would have been released by now. (R. 81a–85a) These are matters within the exclusive discretion of the Parole Board, and, on this record, we have no idea why the Board has not deemed it appropriate to grant parole to Appellee. This is not a matter into which the courts can (or should) inquire.