J-A17033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANGELA MCCLAIN | |
| Appellant | No. 3164 EDA 2015 |

Appeal from the Judgment of Sentence September 8, 2015
In the Court of Common Pleas of Carbon County
Criminal Division at No(s): CP-13-CR-0000331-2014

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JULY 27, 2016**

Appellant, Angela McClain, appeals from the judgment of sentence entered in Carbon County Court of Common Pleas, following her guilty plea to multiple counts of acquisition or obtaining of possession of a controlled substance by misrepresentation, fraud, forgery, deception or subterfuge; knowingly or intentionally possessing a controlled or counterfeit substance; corrupt organizations; criminal conspiracy; and theft by unlawful taking or disposition.[1]  We affirm.

The relevant facts and procedural history of this appeal are summarized briefly as follows.  On April 27, 2015, Appellant pled guilty to 25

---

[1] 35 P.S. §§ 780-113(a)(12), (a)(16); 18 Pa.C.S.A. §§ 911, 903, and 3921(a), respectively.

---

*Retired Senior Judge assigned to the Superior Court.

counts of acquisition or obtaining of possession of a controlled substance by misrepresentation, fraud, forgery, deception or subterfuge; knowingly or intentionally possessing a controlled or counterfeit substance; corrupt organizations; criminal conspiracy; and 27 counts of theft by unlawful taking or disposition. Following the guilty plea and the preparation of a pre-sentence investigation ("PSI") report, the trial court sentenced Appellant on September 8, 2015, to an aggregate term of imprisonment of thirty-six (36) to seventy-two (72) months with a concurrent twelve (12)-month term of probation. The trial court also deemed Appellant eligible for the Recidivism Risk Reduction Incentive Program, making her minimum sentence of incarceration twenty-seven (27) months. The trial court advised Appellant of her appellate rights at the sentencing hearing, including her right to file post-sentence motions and her right to appeal to the Superior Court as well as the associated time limits. Appellant did not file any post-sentence motions.

On September 28, 2015, twenty days after imposition of sentence and ten days after the deadline for filing a post-sentence motion, Appellant suffered a stroke. Appellant suffered a second stroke shortly after being transported to the hospital. The second stroke caused Appellant partial paralysis on her left side. On October 8, 2015, thirty days after sentencing, Appellant filed a petition for leave to file a post-sentence motion *nunc pro tunc*. Appellant cited her recent stroke as justification for post-sentence

relief. The trial court denied this motion the same day, and Appellant immediately filed a notice of appeal. By order dated October 9, 2015, the trial court directed Appellant to file a concise statement of errors complained of on appeal within twenty-one days of the date of entry on the order. Appellant timely complied on October 20, 2015.

Appellant raises the following issue on appeal:

> WHETHER THE TRIAL COURT SHOULD HAVE ALLOWED [APPELLANT] TO SEEK RECONSIDERATION OF HER SENTENCE *NUNC PRO TUNC* WHEN THE RELEVANT FACT OF HER PHYSICAL CONDITION DID NOT MANIFEST ITSELF UNTIL AFTER THE EXPIRATION OF DEADLINE TO SEEK RECONSIDERATION OF SENTENCE?

(Appellant's Brief at 3).

Appellant argues her looming stroke was a non-negligent condition that warrants post-sentence relief *nunc pro tunc*. Appellant maintains her strokes and their effects were the extraordinary circumstances. Appellant avers she had no way of knowing her future status as partially-paralyzed, and this health status constitutes a non-negligent condition sufficient to trigger the expansive authority of the court to allow post-sentence motions *nunc pro tunc*. Appellant submits that if she had suffered her stroke within the ten-day post-sentence period, she would have raised this issue in a timely post-sentence motion for modification of sentence. Appellant concludes that the court should have considered her post-sentence medical condition as the kind of non-negligent circumstance extraordinary enough to warrant relief. We disagree.

- 3 -

"Trial courts have the power to alter or modify a criminal sentence within thirty days after entry, if no appeal is taken." ***Commonwealth v. Walters***, 814 A.2d 253, 255 (Pa.Super. 2002), *appeal denied*, 574 Pa. 760, 831 A.2d 599 (2003). "To be entitled to file a post-sentence motion *nunc pro tunc*, a defendant must…demonstrate sufficient cause, *i.e.*, reasons that excuse the late filing." ***Commonwealth v. Dreves***, 839 A.2d 1122, 1128 (Pa.Super. 2003) (*en banc*) (footnote omitted).

> [W]e recently observed that the decision to allow the filing of a post-trial motion *nunc pro tunc* is vested in the discretion of the trial court and that we will not reverse unless the trial court abused its discretion.
>
> … Merely designating a motion as "post-sentence motion *nunc pro tunc*" is not enough. When the defendant has met this burden and has shown sufficient cause, the trial court must then exercise its discretion in deciding whether to permit the defendant to file the post-sentence motion *nunc pro tunc*.
>
> \* \* \*
>
> The request for *nunc pro tunc* relief is separate and distinct from the merits of the underlying post-sentence motion. The trial court's resolution of the merits of the late post-sentence motion is no substitute for an order expressly granting *nunc pro tunc* relief.

***Id.*** at 1128-29 (emphasis added). Our Supreme Court has validated *nunc pro tunc* relief when there is "fraud or a breakdown in the court's operations," a defendant has been hospitalized during the 10-day post-sentence period, non-negligent attorney conduct results in a late filing, or a late filing as the result of a third party. ***Commonwealth v. Stock***, 545 Pa.

- 4 -

13, 18-19, 679 A.2d 760, 763 (1996) (citations omitted).

Instantly, the court addressed Appellant's claim as follows:

> [Appellant] asserts that had she known she would suffer these strokes, or alternatively if the strokes occurred prior to the expiration of the time to file post-sentence motions, she would have filed a post-sentence motion requesting a modification of her sentence on the grounds that her medical condition was a mitigating factor supporting the imposition of a lesser sentence. [Appellant] argues that the timing of her strokes after the ten day period to file post-sentence motions had passed is an extraordinary circumstance entitling her to pursue her motion *nunc pro tunc*. [Appellant] cites no case law to support this position.
>
> No authority has been found to support the proposition that an appellant's hospitalization for a serious medical event after the deadline to file either post-sentence motions or a direct appeal has passed is an extraordinary circumstance that would excuse a late filing. To the contrary, logic dictates otherwise: if the only reason given for an untimely filing is an event that occurred after the period for timely filing has passed, then sufficient cause to excuse the late filing has not been demonstrated. Given the absence of any extraordinary circumstance justifying the late filing of post-sentence motions, our denial of Appellant's Motion to File Post-Sentence Motions *nunc pro tunc* was not an abuse of discretion.

(Trial Court Opinion, filed November 3, 2015, at 6-7). The record supports the court's decision to deny Appellant's motion for post-sentence relief *nunc pro tunc* in which she sought a reduction or elimination of her sentence based on her medical condition. Moreover, we recognize Appellant has the option to seek alternative relief under 42 Pa.C.S.A. § 9777 (providing for transfer of inmates in need of medical treatment). Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/27/2016