J. S76028/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| GEORGE R. MYERS, | : | |
| | : | |
| Appellee | : | No. 669 EDA 2016 |

Appeal from the Order February 1, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0005893-2014

BEFORE: STABILE, J., DUBOW, J., and STEVENS, P.J.E. [*]

JUDGMENT ORDER BY DUBOW, J.:      **FILED DECEMBER 27, 2016**

The Commonwealth of Pennsylvania appeals from the February 1, 2016 Order entered in the Delaware County Court of Common Pleas amending Appellee George R. Myers' Judgment of Sentence. After careful review, we vacate the trial court's Order.

A detailed recitation of the factual and procedural history of this case is unnecessary. On December 17, 2014, Appellant pled guilty to one consolidated count of Robbery arising out of four bank robberies Appellee committed in Delaware County. Pursuant to the terms of the negotiated

---

[*] Former Justice specially assigned to the Superior Court.

plea agreement, the trial court sentenced Appellee to three to eight years of incarceration.[1]  Appellee did not file a post-sentence motion or an appeal.

On December 28, 2015, Appellee filed a Petition to Amend Minimum Date asking the trial court to amend the minimum range of his sentence in order to make him immediately eligible for parole.  After a hearing on the matter, the trial court granted Appellee's Petition on January 20, 2016.

The Commonwealth filed a Motion for Reconsideration on January 21, 2016.  On January 22, 2016, the trial court granted the Commonwealth's Motion and vacated its January 20, 2015 Order.  After a hearing on the Motion, the trial court again granted Appellee's Petition to Amend Minimum Date and amended Appellee's Judgment of Sentence to reflect a minimum sentence date of February 21, 2016.

The Commonwealth timely appealed, and both the Commonwealth and the trial court complied with Pa.R.A.P. 1925.  Appellant raises the following issue for our review: "On February 1, 2016, more than one year after [Appellee] entered a negotiated guilty plea, the trial court amended [Appellee's] sentence.  Should [the Superior Court] vacate the trial court's order because the trial court lost jurisdiction to amend the sentence 30 days after sentencing?"  Commonwealth's Brief at 1.

---

[1] At the time of his guilty plea, Appellee was already serving a sentence for four additional bank robberies he committed in the State of Delaware. Pursuant to the terms of a negotiated plea agreement, the sentence in the instant case was set to run consecutive to Appellee's Delaware sentence.

As this Court has recognized, "[t]rial courts have the power to alter or modify a criminal sentence within thirty days after entry, if no appeal is taken." ***Commonwealth v. Walters***, 814 A.2d 253, 255 (Pa. Super. 2002) (citing 42 Pa.C.S. § 5505). Once those thirty days have passed, however, "the trial court loses the power to alter its orders" and "has no jurisdiction to modify its sentence." ***Id.*** at 256.

In the instant case, the trial court modified Appellee's sentence more than one year after it became final. As the trial court acknowledges in its Pa.R.A.P. 1925(a) Opinion, the trial court "acted compassionately" in the hope of making Appellee eligible for parole. Trial Court Opinion, filed 6/8/16, at 3-4. However well intentioned, the trial court lacked jurisdiction to modify Appellee's sentence, and we agree with its conclusion that the February 1, 2016 Order "should be vacated." ***Id.*** at 4.

Order vacated. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/27/2016