J-S57030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| NORMAN M. WOTHMAN | |
| Appellant | No. 1024 EDA 2016 |

Appeal from the Order dated March 18, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0203251-2005
CP-51-CR-0203291-2005
CP-51-CR-0203331-2005
CP-51-CR-0203361-2005
CP-51-CR-0308741-2005
CP-51-CR-0308751-2005
CP-51-CR-0309001-2005

BEFORE: PANELLA, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY SOLANO, J.: **FILED OCTOBER 16, 2017**

Appellant Norman Wothman appeals from the order entered March 18, 2016, which corrected his sentencing forms to reflect an aggregate term of 70 to 140 years' imprisonment. We affirm.

On October 31, 2005, Appellant was convicted by a jury of seven counts of rape by forcible compulsion[1] and related charges.[2] Appellant was

---

[1] 18 Pa.C.S. § 3121(a)(1). Appellant raped seven different victims between 2002 and 2004.

[2] Appellant was also convicted of seven counts of sexual assault, 18 Pa.C.S. § 3124.1, two counts of involuntary deviate sexual intercourse, 18 Pa.C.S. § 3123(a)(2), two counts of aggravated assault, 18 Pa.C.S. § 2702(a), five

*(Footnote Continued Next Page)*

sentenced on April 6, 2006, to serve 10 to 20 years' incarceration for each of the rape charges, to be run consecutively, for an aggregate sentence of 70 to 140 years' incarceration. *See* N.T., 4/6/06, at 42-48.[3] Following Appellant's direct appeal in 2010,[4] this Court affirmed Appellant's judgment of sentence, and the Supreme Court thereafter denied review. *See Commonwealth v. Wothman*, No. 1858 EDA 2010 (Pa. Super. Sept. 6, 2012) (unpublished memorandum), *appeal denied*, 63 A.3d 777 (Pa. 2013).[5]

_____
*(Footnote Continued)*

counts of simple assault, 18 Pa.C.S. § 2701(a), three counts of possessing an instrument of crime, 18 Pa.C.S. § 907(a), and one count of robbery, 18 Pa.C.S. § 3701(a)(1)(i).

[3] The Court stated "As the sentence of the Court, I believe the incarceration will be 70 to 140 years." N.T., 4/6/06, at 47. Defense Counsel asked Appellant, "[D]o you understand the sentence you have been given, 70 to 140 years?" Appellant responded, "Yeah." *Id.* at 49. Appellant received lesser concurrent sentences or no further penalty on the other charges.

[4] Appellant did not file a direct appeal following his initial sentencing proceeding, but filed a Post-Conviction Relief Act ("PCRA") petition in 2007 requesting that his appellate rights be reinstated *nunc pro tunc*. The petition was denied by the PCRA court in 2008, but, in 2009, following Appellant's appeal of that dismissal, this Court vacated the order of the PCRA court and allowed Appellant to file a direct appeal *nunc pro tunc*.

[5] The basis of Appellant's direct appeal was whether the trial court erred in consolidating seven cases in one trial, whether the court failed to take certain mitigating factors into account when sentencing Appellant, and whether the trial court abused its discretion in running Appellant's sentences consecutively. We noted in our decision that Appellant received a sentence of 10 to 20 years' incarceration on each of the rape charges and that these sentences were to be run consecutively. *See Wothman*, No. 1858 EDA 2010, at 10-11.

On July 21, 2015, the Commonwealth filed a Motion to Correct Patent Errors. In the motion, the Commonwealth stated that it had been notified by an employee of Appellant's prison facility that Appellant's commitment forms incorrectly reflected an aggregate term of 20 to 40 years' incarceration. The Commonwealth attached a copy of the bills of information and commitment forms, which had been generated by the trial court following Appellant's sentencing hearing; the forms indicated that Appellant's second through seventh sentences of 10 to 20 years' imprisonment would run consecutively to Appellant's first 10 to 20 years' prison sentence, but not consecutively to each other. **See** Ex. C. to Mot. To Correct.[6] On March 18, 2016, the trial court granted the motion and issued an order correcting Appellant's sentence "to reflect the . . . sentence as previously imposed by the Court."[7]

Appellant filed an appeal to this Court, presenting one issue: "Did the trial court have authority to modify the judgment of sentence over 9 years after the sentence was imposed when the alleged error the Court was

---

[6] The forms for the second through seventh sentences did not specify that the sentences were to run concurrently to each other, but rather stated that each sentence was to run consecutive to the first sentence; the first sentence stated that it should run concurrently to any sentence "now serving."

[7] Aside from that single order issued that referenced all seven docket numbers, the court issued additional orders modifying the sentence on each of the seven docket numbers and generated new commitment forms for each docket number that reflected the modified sentence.

attempting to modify was not a patent or clerical error?" Appellant's Brief at 2.

The issue on appeal is a legal question, and therefore our scope of review is plenary and the standard of review is *de novo*. **See Commonwealth v. Holmes**, 933 A.2d 57, 65 (Pa. 2007) ("[T]he power of courts to correct allegedly illegal sentencing orders . . . is a question of law").

The parties agree that 42 Pa.C.S. § 5505 permits trial courts to modify an order within 30 days of issuance, after which time the court loses jurisdiction to do so.[8] Beyond the thirty-day limitation, a court may only correct errors that are "obvious and patent." **Commonwealth v. Cole**, 263 A.2d 339, 341 (Pa. 1970); **see also Holmes**, 933 A.2d at 66 (stating that courts have "the inherent power to correct patent errors despite the absence of traditional jurisdiction").

Appellant asserts that in order for an error to be a patent clerical error, "the legal nature of the order must appear on its face." **See** Appellant's Brief at 5 (citing **Holmes**, 933 A.2d at 66-67, which states "it is the obviousness

---

[8] 42 Pa.C.S. § 5505 states, "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed."

of the illegality . . . that triggers the court's inherent power").[9] Appellant argues that his sentencing order was not illegal on its face because 20 to 40 years' imprisonment for seven rape charges is a possible legal sentence under the Sentencing Code. **See id.** Likewise, Appellant contends that the "[f]ailure to run sentences consecutive to each other is not an obvious and patent mistake." **See id.**

After a review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable George W. Overton, we conclude that the trial court was correct in finding that it had jurisdiction to correct the obvious errors in Appellant's sentencing forms. **See** Trial Ct. Op., 11/4/16, at 4-8 (citing **Commonwealth v. Thompson**, 106 A.3d 742, 766 (Pa. Super. 2014), **appeal denied**, 134 A.3d 56 (Pa. 2016), which states that "an oral sentence which is on the record, written incorrectly by the clerk of courts, and then corrected by the trial judge, is . . . a clerical error," and concluding that the aggregate sentence on Appellant's commitment forms "constitute[] a clerical error this court can correct because [the forms] clearly were not in accord with the aggregate sentence the Court announced at the sentencing hearing").[10]  Appellant's reliance on the quoted language

---

[9] In the companion cases in **Holmes**, the trial courts had corrected errors that had resulted in illegal sentences.

[10] We emphasize that the error of the trial court need not result in an otherwise illegal sentence in order to qualify as a patent clerical error; it need only be obvious **on the record** in order for the court to retain

*(Footnote Continued Next Page)*

in *Holmes* is misplaced. Although in the companion cases in *Holmes* the trial courts had corrected errors which had resulted in illegal sentences, *Holmes* also stated that a trial court retains jurisdiction to correct "clear errors in the imposition of sentences that were incompatible with the record." The Court in *Holmes* also noted that in *Commonwealth v. Klein*, 781 A.2d 1133, 1135 (Pa. 2001), the Supreme Court "did not limit the inherent power [to correct] to those errors evident on the face of the order, but rather approved of a trial court's correction of a 'patent defect or mistake *in the record*.'" 933 A.2d at 66-67 (emphasis added by the Court in *Holmes*)).

Thus, we affirm on the basis of the trial court's opinion, and the parties are instructed to attach a copy of the trial court's opinion of November 4, 2016, to any future filing that references this Court's decision.

Order affirmed.

*(Footnote Continued)* ─────────────

jurisdiction to amend it. *See Commonwealth v. Borrin*, 80 A.3d 1219, 1228 (Pa. 2013) ("a trial court's inherent power of correction encompasses not only those patent and obvious errors that appear on the face of an order, but extends to such errors that emerge **upon consideration of information in the contemporaneous record**" (emphasis added)); *see also Commonwealth v. Walters*, 814 A.2d 253, 256 (Pa. Super. 2002) (examining sentencing transcript and determining that the sentencing order correctly reflected the imposed sentence and therefore did not contain an error that could be corrected after thirty days), *appeal denied*, 831 A.2d 599 (Pa. 2003); *Borrin*, 80 A.3d at 1226-29 (holding that trial court did not have jurisdiction to modify the defendant's sentence to impose consecutive sentences where the transcript of the sentencing hearing was ambiguous on whether the court intended to impose consecutive sentences).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/16/2017



FILED

NOV 04 2016

Criminal Appeals Unit
First Judicial District of PA

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA   :   CP-51-CR-0308741-2005
:   CP-51-CR-0203361-2005
:   CP-51-CR-0203331-2005
v.        :   CP-51-CR-0203291-2005
:   CP-51-CR-0203251-2005
:   CP-51-CR-0309001-2005
:   CP-51-CR-0308751-2005
:
NORMAN WOTHMAN        :



CP-51-CR-0308741-2005 Comm. v. Wothman, Norman
Opinion

7521809281

## OPINION

**OVERTON, J.**

Norman Wothman (hereinafter "Appellant") appeared before this court October 31, 2005 for a jury trial. Following trial, Appellant was convicted of seven counts of Rape and Sexual Assault, four counts of Simple Assault, three counts of PIC, two counts of Involuntary Deviate Sexual Intercourse, and single counts of Robbery and Aggravated Assault. This Court sentenced Appellant to a combined sentence of seventy (70) to one hundred forty (140) years incarceration.

## PROCEDURAL HISTORY[1]

1. On March 28th, 2007 Appellant filed a *Pro Se* PCRA Petition.

2. On March 20th, 2008, the PCRA court issued a notice of intent to dismiss the petition without a hearing.

3. On March 31, 2008, Appellant filed an objection to counsel's no-merit letter and claimed he was entitled to an appeal nunc pro tunc.

4. On April 28, 2008, the PCRA court denied relief and dismissed Appellant's petition.

5. Appellant filed a timely *pro se* appeal.

---

[1] For a complete recitation of facts, this Court references the Opinions filed by Judge Overton and the Superior Court filed November 3, 2008 and November 6, 2009, respectively.

1

6. On November 3, 2008, this Court filed a 1925(a) Opinion.

7. On November 6, 2009, the Superior Court vacated the order of the PCRA court and reinstated the Appellant's rights to a direct appeal nunc pro tunc.

8. On July 6, 2010, the Appellant filed a Notice of Appeal Nunc Pro Tunc to the Superior Court.

9. On July 12, 2010, this PCRA Court issued a 1925(b) Order for Statement of Matters Complained of on Appeal.

10. On July 27, 2010, Appellant filed a Statement of Matters Complained of on Appeal.

11. On September 6, 2012, the Superior Court affirmed the judgment of sentence.

12. On June 10, 2015, Appellant's prison facility notified the Commonwealth that the sentence notations on Appellant's bills of information and court commitment forms incorrectly reflected an aggregate sentence of only 20 to 40 years' imprisonment. (Motion to Correct Patent Errors at 2).

13. On July 21, 2015, the Commonwealth of Pennsylvania filed a Motion to Correct Patent Errors.

14. On March 18, 2016, this Court granted the Motion to Correct Patent Errors.

15. On March 28, 2016, Appellant filed an appeal to the Superior Court.

16. On March 29, 2016, this PCRA Court issued a 1925(b) Order for Statement of Matters Complained of on Appeal.

17. On April 5, 2016, Appellant timely filed a Statement of Matters Complained of on Appeal.

**DISCUSSION:**

In a Statement of Matters Complained of on Appeal, filed in response to this Court's order as required by Pennsylvania Rule of Appellate Procedure 1925(b), Appellant raised the following claims:

1. The trial court erred in increasing the defendant's sentence from 20 to 40 years to 70 to 140 years.

2. The trial court lacked authority to modify the sentence over 9 years after the sentence was imposed. This modification and increase of sentence imposed was illegal.

3. The trial court['s] increase of the defendant's sentence was a violation of 42 Pa. C.S.A. sec. 5505 because it occurred over 30 days after the imposition of the original sentence.

4. There were no patent defects or errors in the original sentence imposed and/or recorded because the sentence was 20 to 40 years in prison and there is nothing inherently illegal about this sentence.

5. The trial court had no authority to issue its order of 3-18-16 and the defendant was prejudiced by this order because his sentence in the above matter was increased from 20 to 40 years to 70 to 140 years.

6. The defendant reserves his right to modify, amend, and/or supplement this statement.

These claims are without merit.

**A. The Court Corrected a Patent Error (Claims 1-6 will be addressed together)**

Appellant asserts that there was no patent error on the record and that the Court was

3

without authority to issue its March 18, 2016 Order. These claims are without merit.

It is well settled that the Court has the inherent power to correct patent errors. *Commonwealth v. Holmes*, 933 A.2d 57, 66 (Pa. 2004); *Commonwealth v. Klein*, 81 A.2d 1133, 1135 (Pa. 2001); *Commonwealth v. Cole*, 263 A.2d 339, 341 (Pa. 1970); *Commonwealth v. Thompson*, 106 A.3d 742, 766 (Pa. Super. Ct. 2014) (trial courts have an "inherent, common-law authority to correct 'clear clerical errors' in its orders"). Section 5505 recognizes the removal of jurisdiction of the trial court to modify orders upon appeal, the end of the term of court, or the statutory thirty-day expansion of that time. 42 Pa. C.S. § 5505. However, the statute "was never intended to eliminate the inherent power of a court to correct obvious and patent mistakes in its orders, judgments and decrees." *Holmes*, 933 A.2d at 65 (quoting *Commonwealth v. Cole*, 263 A.2d 339, 341). The inherent power to correct errors does not allow a court to reconsider its sentencing discretion. *Id.* at 67. A court may not vacate a sentencing order merely because it finds that a sentence was too harsh or too lenient. *Id.* It is the "obviousness of the illegality, rather than the illegality itself, that triggers the court's inherent power." *Id.* at 66-67. Accordingly, "an oral sentence which is on the record, written incorrectly by the clerk of courts, and then corrected by the trial judge, is [ ] a clerical error." *Thompson*, 106 A.3d at 766 (quoting *Commonwealth v. Borrin*, 12 A.3d 466, 474 (Pa.Super. Ct. 2011)).

In *Commonwealth v. Cole*, the Pennsylvania Supreme Court held that a trial court has the inherent power to correct errors on the record that were "obvious and patent" even when the action was taken beyond the thirty-day statutory limit to modify orders. *Cole*, 263 A.2d at 341. On March 3, 1969, the trial court entered an order that stated "defendant's motion for a new trial and arrest of judgment is granted." *Id.* at 340. On June 18, 1969 the court entered a new order containing the language "defendant's motion for new trial is granted; motion in arrest of

4

judgment is dismissed." *Id.* The *Cole* court found that even though the thirty-day statutory period had expired, the March 3, 1969 decree was "patently erroneous" because the actions of granting a new trial and the granting of the motion in arrest of judgment were "so clearly antagonistic that even the most casual reading of the order would disclose the irreconcilable nature thereof." *Id.* at 341. Ultimately, the Court found that it was the trial court's intention to grant the motion for a new trial and deny the motion in arrest of judgment and that the trial court was acting within its inherent power to correct any patent mistakes. *Id.* at 341-42.

In *Commonwealth v. Klein,* the Pennsylvania Supreme Court found that a trial court could correct a "patent defect or mistake *in the record." Klein*, 781 A.2d at 1135 (emphasis added). In *Klein*, at the defendant's sentencing hearing on June 23, 1999, there was a dispute about how much time the defendant had served in prison prior to trial. *Id.* at 1133. The pre-sentence investigation report indicated that he had spent thirty-three days in prison, but the defendant recollected that he only spent one day in prison before he was released on his own recognizance. *Id.* The trial court sentenced the defendant based on thirty-three days of time served. *Id.* at 1134. The defendant then filed a Notice of Appeal. *Id.* On June 25, 1999, after being informed by the York County prison officials that the defendant had in fact only spent one day in prison, the trial court *sua sponte* entered a scheduling order indicating that upon misinformation "Defendant's credit time was incorrectly reported as 33 days (3/28/99 to 4/29/99) when in fact his credit time was 1 day (4/28/99 to 4/29/99)." *Id.* Despite the fact that the defendant had already filed an appeal, technically divesting the trial court of jurisdiction, the *Klein* court found that the trial court was permitted to correct a patent mistake in the record. *Id.* at 1135.

5

In *Commonwealth v. Thompson*, the Pennsylvania Superior Court found that sentencing order can be corrected if it does not comport with what the trial court "clearly and unambiguously declared during the sentencing hearing." *Thompson*, 106 A.3d at 766. At the sentencing hearing, the trial court clearly stated that all convictions were to run concurrently with the defendant's life sentence. *Id.* at 765. This was also stated in the trial court's Opinion. *Id.* However, the sentencing order indicated that some of the convictions were to run consecutively to the life sentence. *Id.* Ultimately, the *Thompson* court found that when the oral sentence is clearly stated on the record but is incorrectly recorded by the clerk of courts, this clerical error is subject to correction by the trial judge. *Id.* at 766.

On June 10, 2015, Appellant's prison facility notified the Commonwealth that the sentence notations on Appellant's bills of information and court commitment forms incorrectly reflected an aggregate sentence of only 20 to 40 years' imprisonment. (Motion to Correct Patent Errors at 2). Under *Holmes, Klein, Cole,* and *Thomspon,* this constitutes a clerical error this Court can correct because Appellant's bills of information and court commitment forms clearly were not in accord with the aggregate sentence the Court announced at the sentencing hearing. *See Holmes,* 933 A.2d at 66; *Klein,* 81 A.2d at 1135; *Cole,* 263 A.2d at 341; *Thompson,* 106 A.3d at 766.

In the instant case, just as in *Thompson,* the sentence of 70 to 140 years was clearly stated on the record at the sentencing hearing. (N.T. 4/06/06, 42:22-52:25). The Trial Judge stated that for the C.P. bill CP-51-CR-0203251-2005, on the charge of rape the sentence was 10-20 years incarceration and on the charge of robbery the sentence was 10-20 years incarceration, running concurrently with each other. (N.T. 4/06/06, 42:22-43:21). For the C.P. bill CP-51-CR-0203291-2005, on the charge of rape the sentence was 10-20 years incarceration and on the

6

charge of aggravated assault the sentence was 10-20 years incarceration, running concurrently with each other, but consecutively to the previous sentences. (N.T. 4/06/06, 43:22-44:17). For the C.P. bill CP-51-CR-0203331-2005, on the charge of rape the sentence was 10-20 years incarceration, running consecutively to the previous sentences. (N.T. 4/06/06, 44:18-24). For the C.P. bill CP-51-CR-0203361-2005 on the charge of rape the sentence was 10-20 years incarceration, on the charge of involuntary deviate sexual intercourse the sentence was 10-20 years incarceration, and on the charge of aggravated assault the sentence was 10-20 years incarceration, running concurrently with each other, but consecutively to the previous sentences. (N.T. 4/06/06, 44:25-45:21). For the C.P. bill CP-51-CR-0308741-2005, on the charge of rape the sentence was 10-20 years incarceration and on the charge of involuntary deviate sexual intercourse the sentence was 10-20 years incarceration, running concurrently with each other, but consecutively to the previous sentences. (N.T. 4/06/06, 45:22-46:10). For the C.P. bill CP-51-CR-0308751-2005, on the charge of rape the sentence was 10-20 years incarceration, running consecutively to the previous sentences. (N.T. 4/06/06, 46:11-20). Finally, for the C.P. bill CP-51-CR-0309001-2005, on the charge of rape the sentence was 10-20 years incarceration, running consecutively to the previous sentences. (N.T. 4/06/06, 47:9-13).

At the conclusion of the sentencing, the Court stated "I believe the incarceration will be 70 to 140 years." (N.T. 4/06/06, 47:21-23). Appellant, requesting clarification of the sentence from the Court, asked, "I'm doing 70 years? I'm 40 years old. I ain't getting out." (N.T. 4/06/06, 49:7-8). Appellant's counsel asked Appellant, "Mr. Wothman, do you understand the sentence you have been given, 70 to 140 years?" (N.T. 4/06/06, 49:10-12). To which Appellant replied "Yeah." (N.T. 4/06/06, 49:13).

7

Furthermore, the aggregate prison term of 70 to 140 years was acknowledged both in this Court's November 3, 2008 Opinion and the September 6, 2012 Superior Court Opinion. (11/3/08 Opinion at 1; 9/06/06 Superior Court Opinion at 2).

This Court clearly entered its March 18, 2016 Order to correct a patent error in the record. The record is replete with references to the 70 to 140 year aggregate imprisonment term and Appellant himself acknowledged that he fully understood the 70 to 140 year sentence. Therefore, these claims are without merit.

## CONCLUSION

In light of the foregoing, this Court's March 18, 2016 Order correcting the patent error in the record should be **AFFIRMED**.

BY THE COURT:

DATE: __11/4/16__

GEORGE W. OVERTON      J.

8

**Commonwealth v. Norman Wothman**
CP-51-CR-0308741-2005
CP-51-CR-0203361-2005
CP-51-CR-0203331-2005
CP-51-CR-0203291-2005
CP-51-CR-0203251-2005
CP-51-CR-0309001-2005
CP-51-CR-0308751-2005

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing Court Order upon the persons, and in the manner indicated below, which service satisfies the requirements of Pa.R.Crim.P. 114:

Hugh J. Burns, Esquire
Office of the District Attorney – Chief, Appeals Unit
Three South Penn Square
Corner of Juniper and S. Penn Square
Philadelphia, PA 19107-3499
First Class Mail

John P. Cotter, Esquire
Cotter & Miller
2541 S. Broad Street
Philadelphia, PA 19148
First Class Mail

Norman Wothman
GP-1675
SCI – Fayette
P.O. Box 9999
LaBelle, PA 15450-1050
First Class Mail

11/4/16
Date

George W. Overton,   J.

9