J-S28044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
TODD DANIEL HOOVER, :
:
Appellant : No. 1893 MDA 2017

Appeal from the Order Entered October 31, 2017
in the Court of Common Pleas of Lycoming County,
Criminal Division at No(s): CP-41-CR-0002120-2012

BEFORE: OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED AUGUST 31, 2018**

Todd Daniel Hoover ("Hoover") appeals from the Order entered on October 31, 2017. We affirm.

On May 31, 2013, Hoover pled guilty, before the Honorable Marc F. Lovecchio ("the sentencing court"), to one count each of driving under the influence of alcohol ("DUI") – general impairment, and DUI – highest rate of alcohol. On August 13, 2013, the sentencing court sentenced Hoover to a term of 5 years of intermediate punishment, with 90 days to be served at the Lycoming County Prison/pre-release facility. The sentencing court also ordered Hoover to pay the costs of prosecution and a $1,500 fine.

In 2017, Hoover filed a Petition for early release from supervision.[1] On September 29, 2017, after determining that Hoover had complied with all

---

[1] The Petition for early release is not included in the certified record, nor is its submission noted in the trial court docket.

conditions and obligations of his supervision and had paid all fines and costs, the Honorable Nancy L. Butts ("the trial court") entered an Order ("the early release Order") immediately releasing Hoover from intermediate punishment.

Later that night, Hoover committed a new DUI offense. On October 2, 2017, the Adult Probation Office informed the trial court of Hoover's new charges, and made an oral Motion for reconsideration of the early release Order. By an Order dated October 2, 2017, the trial court expressly granted reconsideration and scheduled a hearing on the matter for October 23, 2017.

On October 12, 2017, the sentencing court conducted a probation revocation hearing, during which the court determined that Hoover was not under supervision when he committed the new DUI offense.

The trial court conducted the reconsideration hearing on October 23, 2017. The trial court subsequently entered an Order vacating the September 29, 2017 early release Order.[2] Hoover filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Hoover raises the following issue for our review: "Did the lower court err when it vacated its previous Order of September 29, 2017,

---

[2] The Order is dated October 26, 2017, but it was not entered on the docket until October 31, 2017.

granting [Hoover] early release from intermediate punishment supervision?" Brief for Appellant at 6.[3]

Hoover claims that the trial court erred by vacating the early release Order. *Id.* at 10. Hoover cites 42 Pa.C.S.A. § 5505, and argues that, at the time the Order was filed, the trial court no longer had jurisdiction to vacate the early release Order. Brief for Appellant at 12-13. Further, Hoover contends that, by entering the early release Order, "the [trial c]ourt implicitly found that he was no longer in need of supervision under his original DUI offense." *Id.* at 13.

Section 5505 of the Judicial Code sets forth the general rule regarding a court's authority to modify final orders as follows:

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S.A. § 5505; *see also Commonwealth v. Walters*, 814 A.2d 253, 256 (Pa. Super. 2002) (stating that "once the thirty-day period is over, the trial court loses the power to alter its orders."). Additionally, a trial court's "authority under 42 Pa.C.S.A. § 5505 to modify or rescind an order is almost entirely discretionary[.]" *Hayward v. Hayward*, 808 A.2d 232, 235 (Pa. Super. 2002) (citation omitted).

---

[3] The Commonwealth did not file an appellate brief.

Hoover points out that the Order vacating the early release Order was not entered on the docket until October 31, 2017, more than 30 days after the early release Order was filed. However, the trial court expressly granted reconsideration of the early release Order in its October 2, 2017 Order, within the 30-day appeal period. **See** Pa.R.A.P. 1701(b)(3) (providing that a trial court may grant reconsideration of an order subject to a petition for reconsideration, if the petition is filed "within the time provided or prescribed by law," and the trial court enters an order **expressly** granting reconsideration within the time for filing a notice of appeal); **see also Commonwealth v. Moir**, 766 A.2d 1253, 1254 (Pa. Super. 2000) (stating that "[f]ailure to 'expressly' grant reconsideration within the time set by the rules for filing an appeal will cause the trial court to lose its power to act on the application for reconsideration." (citation omitted)); **PNC Bank, N.A. v. Unknown Heirs**, 929 A.2d 219, 226 (Pa. Super. 2007) (stating that "[i]f the trial court fails to grant reconsideration expressly within the prescribed 30 days, it loses the power to act upon both the [motion] and the original order." (citation omitted)). Because the trial court expressly granted reconsideration of the early release Order within the 30-day appeal period, the trial court still had jurisdiction to vacate the early release Order. **See** 42 Pa.C.S.A. § 5505; Pa.R.A.P. 1701(b)(3). Therefore, we affirm the trial court's Order vacating the early release Order.

Order affirmed.

Judge Olson joins the Memorandum.

Judge Kunselman files a Dissenting Memorandum

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/31/2018