J-A03015-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOEY DIXON | : | |
| | : | |
| Appellant | : | No. 1042 EDA 2020 |

Appeal from the PCRA Order Entered February 20, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003861-2011

BEFORE:   KING, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED FEBRUARY 7, 2023**

Appellant Joey Dixon appeals from the order of the Court of Common Pleas of Philadelphia County denying his petition pursuant to the Post-Conviction Relief Act (PCRA).[1] We dismiss the appeal.

On June 5, 2014, a jury convicted Appellant of robbery, aggravated assault, possession of an instrument of crime, and possession of a firearm without a license. In a bifurcated portion of the trial, the trial court convicted Appellant of persons prohibited from possessing firearms. On August 6, 2014, the trial court sentenced Appellant to an aggregate sentence of twenty to forty years' imprisonment to be followed by five years' probation.

On August 8, 2014, Appellant filed a post-sentence motion which the trial court subsequently denied. On June 7, 2016, this Court affirmed the

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

judgment of sentence and on October 19, 2016, the Supreme Court denied Appellant's petition for allowance of appeal.

Appellant filed a timely PCRA petition on October 18, 2017 and an amended PCRA petition on August 28, 2018. On December 6, 2019, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim. 907. On February 20, 2020, the PCRA court dismissed the petition. On March 19, 2020, Appellant filed this appeal.

This Court initially directed Appellant to file a docketing statement pursuant to Pa.R.A.P. 3517 by May 19, 2020.[2] Counsel failed to respond, and on June 3, 2020, this Court directed counsel to file the docketing statement by June 15, 2020. Once again counsel failed to respond, and thereafter, on June 29, 2020, this Court dismissed the appeal. The appeal was remitted to the PCRA court on August 5, 2020.

Nearly six months after the appeal was dismissed, on December 15, 2020, Appellant's counsel filed an application to file the docketing statement *nunc pro tunc*, averring that he experienced multiple COVID-related

---

[2] Rule 3517 provides that:

> Whenever a notice of appeal to the Superior Court is filed, the Prothonotary shall send a docketing statement form which shall be completed and returned within ten (10) days in order that the Court shall be able to more efficiently and expeditiously administer the scheduling of argument and submission of cases on appeal. Failure to file a docketing statement may result in dismissal of the appeal.

Pa.R.A.P. 3517.

complications during the time period in which the statement was due. The record does not contain any indication that counsel made any effort whatsoever during that six-month period to alert the Court to his alleged "COVID-related" problems.

On January 5, 2021, this Court vacated the June 29, 2020 order and reinstated the appeal. However, this *per curiam* order was entered without prejudice for the merits panel to determine whether this appeal should be dismissed for lack of jurisdiction.

As such, before we reach the merits of this appeal, we must consider whether this Court had jurisdiction to vacate our June 15, 2020 order.

### § 5505. Modification of orders

Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S.A. § 5505. Thus, as a general rule, a court loses jurisdiction to alter, modify, or rescind a final order after the thirty-day statutory limitation set forth in Section 5505 expires. *Id*.

Nevertheless, certain exceptions to this general rule exist as the "time constraint imposed by section 5505 does not affect the inherent powers of the court to modify a sentence in order to amend records, to correct mistakes of court officers or counsel's inadvertencies, or to supply defects or omissions in the record." *Commonwealth v. Walters*, 814 A.2d 253, 256 (Pa.Super. 2002) (quoting *Commonwealth v. Quinlan*, 639 A.2d 1235, 1238

(Pa.Super. 1994)) (internal quotation marks omitted). **See also Commonwealth v. Holmes**, 593 Pa. 601, 615, 933 A.2d 57, 65 (2007) (recognizing the "inherent power of a court to correct obvious and patent mistakes in its orders, judgments and decrees").

Moreover, a court has the authority to open or vacate a prior order after the 30-day period has expired "where a showing of fraud or another circumstance so grave or compelling as to constitute extraordinary causes justifying intervention by the court." **Walters**, 814 A.2d at 256 (quoting **Cardwell v. Chrysler Fin. Corp.,** 804 A.2d 18, 22 (Pa.Super. 2002) (internal quotation marks omitted). This Court has recognized that an "extraordinary cause" is limited in nature such that "mistakes or ordinary neglect by counsel do not constitute extraordinary circumstances." **Manufacturers & Traders Tr. Co. v. Greenville Gastroenterology, SC**, 108 A.3d 913, 919 (Pa.Super. 2015).

In order to grant Appellant's December 15, 2020 request for permission to file a docketing statement *nunc pro tunc*, it would be necessary to vacate our June 29, 2020 dismissal order nearly six months after it was entered. However, Appellant's latest request is again untimely and clearly beyond the thirty-day time limitation set forth in Section 5505.

Appellant does not claim that the June 29, 2020 order dismissing the appeal contained any error but suggests that extraordinary circumstances existed that authorized this Court to vacate the order and reinstate the appeal. Specifically, Appellant's counsel claims that he missed this Court's mailing

directing him to file a docketing statement, as he did not go into his office to retrieve his mail in June 2020, which counsel characterizes as the "initial surge of the COVID-19 pandemic." Motion to File a *Nunc Pro Tunc* Docketing Statement, at 1. Counsel contends that his age and health conditions placed him in a "high risk" category during the pandemic and asserts that he had certain medical procedures performed that concluded with "potentially serious unexpected results." *Id*. at 2.

On March 18, 2020, the Supreme Court issued an order declaring a statewide judicial emergency in response to the COVID-19 pandemic, in which it suspended "all time calculations for purposes of time computation relevant to court cases or other judicial business, as well as time deadlines[.]" *See In re: General Statewide Judicial Emergency*, 228 A.3d 1283, 1285 (Pa. 2020). The statewide judicial emergency was extended to and ended on June 1, 2020. *See In re General Statewide Judicial Emergency*, 229 A.3d 229 (Pa. 2020); *In re General Statewide Judicial Emergency*, 230 A.3d 1015 (Pa. 2020); *In re General Statewide Judicial Emergency*, 234 A.3d 408 (Pa. 2020).[3]

In its May 27, 2020 order, the Supreme Court provided specific guidance to legal professionals:

---

[3] However, the Supreme Court allowed local judicial districts to extend their emergency orders beyond June 1, 2020. *In re General Statewide Judicial Emergency*, 234 A.3d 408 (Pa. 2020).

In previous orders, this Court authorized and encouraged both courts and legal professionals to use advanced communication technology whenever possible to protect public health and safety. In addition, our April 28, 2020 order specifically referenced guidance by the executive branch providing that while law offices (like most other businesses) remained generally closed, lawyers and staff could access their physical offices under certain circumstances.

***

As regions of the state reopen, and as courts resume the full range of court business, the need for legal professionals to gain greater physical access to their offices naturally increases as well. Pennsylvania attorneys have an obligation under our Rules of Professional Conduct to promptly, competently, and diligently represent their clients. To that end, attorneys and staff must be able to, and therefore may, access their physical offices at least to the extent the attorneys reasonably believe doing so is necessary to satisfy their professional obligations, provided they take appropriate measures to protect the safety of their employees and the public.

*In re Gen. Statewide Jud. Emergency*, 234 A.3d at 409.

As noted above, on June 3, 2020, this Court directed Appellant to file a docketing statement on June 15, 2020, after the statewide judicial emergency had ended on June 1, 2020. While counsel asserts that he could not access his office in June 2020, the Supreme Court's May 27, 2020 order authorized attorneys to obtain access their physical offices to satisfy their professional obligations. While the COVID-19 pandemic may have made the practice of law more difficult during this time period, it did not excuse counsel from fulfilling his duty to promptly, competently, and diligently represent his clients. We reject counsel's suggestion that he was not required to arrange to obtain mail sent to his physical office after the judicial emergency ended.

- 6 -

As a result, we find Appellant's failure to file a docketing statement was the result of counsel's ordinary neglect. Thus, this Court correctly dismissed this appeal on June 29, 2020 due to Appellant's failure to file a docketing statement pursuant to Rule 3517. Appellant has not presented a "circumstance so grave or compelling as to constitute [an] extraordinary cause[] justifying intervention by the court" to allow this Court to rescind its June 29, 2020 order dismissing the appeal. ***Walters***, ***supra***; ***Manufacturers & Traders Tr. Co., supra***.

This Court's January 5, 2021 *per curiam* order reinstated the appeal and directed our merits panel to determine whether this Court had authority to rescind the June 29, 2020 dismissal order to allow Appellant to file a docketing statement *nunc pro tunc*. We conclude that this Court did not have jurisdiction to rescind the dismissal order beyond the time limitation set forth in 42 Pa.C.S.A. § 5505.

Appeal dismissed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/7/2023