**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHESTER LANCASTER | : | |
| | : | |
| Appellant | : | No. 1189 WDA 2023 |

Appeal from the Judgment of Sentence Entered September 20, 2023
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0000781-2021

BEFORE:  PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY LANE, J.:                    **FILED: September 6, 2024**

Chester Lancaster ("Lancaster") appeals from the judgment of sentence imposed following the revocation of his parole.  After careful review, we quash the appeal as untimely.

We briefly summarize the relevant factual and procedural history.  In October 2021, the trial court accepted Lancaster's guilty plea to one count of criminal trespass and two counts of simple assault,[1] and sentenced him to an aggregate term of nine to thirty-six months' incarceration.  Lancaster was awarded credit for any time served and given automatic parole.

In May 2023, the Cambria County Adult Probation Department applied for a bench warrant to arrest Lancaster for violating the terms of his parole, alleging that Lancaster: "failed to maintain contact with his probation officer for a period of three months; was not staying at his approved residence;

---

[1] **See** 18 Pa.C.S.A. §§ 3503(a)(1)(i), 2701(a)(1).

changed his address without notifying or obtaining permission; and his whereabouts were unknown." Trial Court Opinion, 12/4/23, at 2. The trial court conducted a violation of parole ("VOP") hearing on August 15, 2023, at which it found Lancaster in violation of the terms of his parole and entered an order recommitting him to serve six months in prison. ***See id***. at 3.

Lancaster did not file a timely post-sentence motion within ten days of the entry of the August 15, 2023 VOP sentencing order. Instead, on September 7, 2023, twenty-three days after the entry of that order, Lancaster filed a document entitled "*Nunc Pro Tunc* Motion for Modification of Sentence," wherein he claimed that his sentence was excessive and requested a hearing.

On September 8, 2023, the trial court entered an order scheduling a hearing on the motion. On September 20, 2023, thirty-seven days after the VOP sentence was imposed, the trial court conducted a hearing. On September 21, 2023, the trial court entered an order in which it purported to deny modification and grant leave to file an appeal from the VOP sentence *nunc pro tunc*. ***See*** Trial Court Order, 9/21/23, at unnumbered 1. On September 27, 2023, Lancaster filed a notice of appeal, and both he and the trial court complied with Pa.R.A.P. 1925.

Lancaster raises the following issues for our review:

1. Whether the trial court erred in denying [Lancaster's *nunc pro tunc* post-sentence] motion for reconsideration?

2. Whether the sentence imposed by the trial court was unduly harsh and excessive?

Lancaster's Brief at unnumbered 4 (unnecessary capitalization omitted).

On February 12, 2024, this Court issued a rule to show cause directing Lancaster to show why the appeal should not be quashed as untimely because it was filed more than thirty days after the entry of the VOP judgment of sentence. Lancaster did not file a response. This Court discharged the order and referred the issue to the merits panel for consideration.

Preliminarily, we must determine whether we have jurisdiction over this appeal. Time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace. *See Commonwealth v. Burks*, 102 A.3d 497, 500 (Pa. Super. 2014). This Court lacks jurisdiction to consider untimely appeals, and we may raise such jurisdictional issues *sua sponte.* *See id*.

Pursuant to our Rules of Criminal Procedure, a written post-sentence motion must be filed within ten days after the entry of the judgment of sentence. *See* Pa.R.Crim.P. 720(A)(1). With respect to an original sentence, the filing of a timely post-sentence motion extends the start of the thirty-day period in which a notice of appeal must be filed until an order has been entered deciding the post-sentence motion. *See* Pa.R.Crim.P. 720(A)(2)(a) (providing that "[i]f the defendant files a timely post-sentence motion, the notice of appeal shall be filed . . . within 30 days of the entry of the order deciding the motion"). If the defendant does not file a timely post-sentence motion, the notice of appeal must be filed within thirty days of the entry of the judgment of sentence. *See* Pa.R.Crim.P. 720(A)(3).

Similarly, following the revocation of probation or parole, a defendant receiving a VOP sentence must file a post-sentence motion for modification of sentence within ten days. **See** Pa.R.Crim.P. 708(E). However, when a VOP sentence has been imposed, the period in which to file a notice of appeal is not extended by the filing of a timely post-sentence motion. **See** Pa.R.Crim.P. 708(E). Instead, upon receiving a VOP sentence, a defendant wishing to appeal a VOP sentence must file a notice of appeal within thirty days after the entry of the judgment of sentence. **See id**.; **see also Commonwealth v. Parlante**, 823 A.2d 927, 929 (Pa. Super. 2003) (holding that an appellant whose revocation of probation sentence has been imposed after a revocation proceeding has thirty days to appeal the sentence, regardless of whether a post-sentence motion has been filed).

Notwithstanding the above time limitations applicable to a defendant receiving a revocation sentence, the trial court retains jurisdiction to modify or rescind a judgment of sentence for thirty days where no appeal has been filed. **See** 42 Pa.C.S.A. § 5505 (providing that "a court upon notice to the parties may modify or rescind any order within [thirty] days after its entry . . . if no appeal from such order has been taken or allowed"). However, where the trial court does not modify or rescind an order within thirty days after its entry, the court loses authority to do so. **See Commonwealth v. Liebensperger**, 904 A.2d 40, 44 (Pa. Super. 2006).

Within this same thirty-day period following the entry of a judgment of sentence, the filing of a post-sentence motion *nunc pro tunc* **may** toll the appeal period, but only if two conditions are met:

First, within [thirty] days of imposition of sentence, a defendant must request the trial court to consider a post-sentence motion *nunc pro tunc*. The request for *nunc pro tunc* relief is separate and distinct from the merits of the underlying post-sentence motion. Second, the trial court must **expressly permit** the filing of a post-sentence motion *nunc pro tunc*, also within [thirty] days of imposition of sentence. If the trial court does not expressly grant *nunc pro tunc* relief, the time for filing an appeal is neither tolled nor extended. Moreover, [t]he trial court's resolution of the merits of the late post-sentence motion is no substitute for an order expressly granting *nunc pro tunc* relief.

**Commonwealth v. Capaldi**, 112 A.3d 1242, 1244 (Pa. Super. 2015) (*quoting* **Commonwealth v. Dreves**, 839 A.2d 1122, 1128-29 & n.6 (Pa. Super. 2003), citation and quotation marks omitted, emphasis in original).

In the instant matter, following the revocation of Lancaster's parole, the trial court imposed the VOP sentence on August 15, 2023. Lancaster had ten days, or until August 25, 2023, in which to file a timely post-sentence motion for modification of sentence. He did not do so. Lancaster had thirty days, or until September 14, 2023, in which to file a timely notice of appeal. **See** Pa.R.Crim.P. 708(E); **see also** Pa.R.A.P. 903(a). He failed to do so.[2]

_____

[2] This Court is mindful that, pursuant to Pa.R.Crim.P. 704(C)(3)(a), at the time of sentencing, "[t]he judge shall determine on the record that the defendant has been advised . . . of the right to file a post-sentence motion and to appeal, . . . [and] of the time within which the defendant must exercise those rights." This Court is also mindful that, when the trial court fails to ensure that a defendant understands their appellate rights, a breakdown in
*(Footnote Continued Next Page)*

- 5 -

Instead, on September 7, 2023, twenty-three days after the entry of the VOP sentence, Lancaster filed a document entitled "*Nunc Pro Tunc* Motion for Modification of Sentence." Notably, Lancaster did not request permission to file a post-sentence motion *nunc pro tunc*. **See Dreves**, 839 A.2d at 1128-1129. Moreover, the trial court did not expressly permit the filing of a post-sentence motion *nunc pro tunc* within thirty days of imposition of the VOP sentence. **See id**.[3] As such, the time for filing an appeal was neither tolled nor extended. **See id**. Thus, Lancaster was required to file a notice of appeal on or before September 14, 2023. His failure to do so divests this Court of jurisdiction over the appeal, requiring quashal. **See Burks**, 102 A.3d at 500.

Appeal quashed.

_____

court operations has occurred. **See Commonwealth v. Patterson**, 940 A.2d 493, 498 (Pa. Super. 2007). In the instant matter, Lancaster has not alleged that the trial court failed to advise him of his post-sentence and appellate rights. Moreover, Lancaster's failure to ensure that the VOP sentencing transcript was included in the certified record prevents this Court from independently determining whether any such breakdown occurred. **See Commonwealth v. Preston**, 904 A.2d 1, 6 (Pa. Super. 2006) (stating "the responsibility rests upon the appellant to ensure that the record certified on appeal is complete").

[3] As explained above, the trial court retained jurisdiction until September 14, 2023, to expressly permit the filing of a post-sentence motion *nunc pro tunc*, or to modify or rescind the VOP sentence pursuant to section 5505; however, it did not do so. After that date, the trial court no longer had jurisdiction to act on the VOP judgment of sentence. **See Commonwealth v. Walters**, 814 A.2d 253, 256 (Pa. Super. 2002) (stating that "once the thirty-day period is over, the trial court loses the power to alter its orders"). Accordingly, the actions taken by the trial court after this date were void, including the September 21, 2023 order purporting to deny modification and grant leave to file an appeal from the VOP sentence *nunc pro tunc.*

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

9/6/2024